AMELIA K. PETRILLA, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF STEPHEN PETRILLA, DECEASED, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION, AND U-DRIVE-IT COMPANY, A CORPORATION, AND JAMES J. HARTNETT, DEFENDANTS-RESPONDENTS.

Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-appellant, *Alexander Simpson.*

For the defendant-respondent Public Service Co-ordinated Transport, *Henry H. Fryling (James J. Higgins,* of counsel).

PER CURIAM.

This is an appeal by the plaintiff from a judgment entered in the Hudson County Court of Common Pleas on a verdict rendered by a jury against her and in favor of Public Service Co-ordinated Transport.

Plaintiff's intestate died as the result of injuries received by him while in an automobile, driven by defendant James J. Hartnett, which came into collision with a bus of the defendant Public Service Co-ordinated Transport. There was factual dispute as to the incidents directly surrounding the accident; the proof of the plaintiff tending to show that the car in which the deceased was seated was proceeding on its proper side of the highway when the defendant's bus, which was coming from the opposite direction, suddenly swerved from its true course and collided with the automobile, and the proof of the corporate defendant tending to show that the bus was, and remained, on its own side of the road, whereas the other car, suddenly and without warning, pulled out of its procession and crossed the center of the highway directly into the path of defendant's bus, thus causing the collision.

Hartnett was produced as a witness for the plaintiff. His cross-examination disclosed that he and Petrilla were endeavoring to effect the sale of certain real estate for a woman client under an arrangement whereby Petrilla and Hartnett were to share the profits of the transaction and were to share the expenses of the hired car which both occupied at the time of the accident; that Hartnett and Petrilla had hired the car, for the purpose of their enterprise, on the morning of the day in question at the "U-Drive-It Company's garage there at Sip avenue, near the tube station" and had together driven to Elizabeth in order to complete certain legal details with respect to the sale of the lots at a lawyer's office in the last mentioned city; that Hartnett and Petrilla had lunch on the way to Elizabeth, went to the lawyer's office and remained there until five or five-thirty; that the two then drove to a roadhouse, had dinner and proceeded on their way back to make delivery of the car to the garage where they had hired it in the morning. Owing to this and other evidence in the trial, a disputed question arose as to whether Hartnett and Petrilla were at the time of the accident related in such circumstances of partnership or joint enterprise as made the negligence of Hartnett, if such there was, imputable to Petrilla.

The first point on appellant's brief presents for criticism two portions of the court's charge. The first is:

"Now, the defendant in this case goes a step further and has developed as part of its case that on the particular day of this accident the plaintiff's intestate set out with Hartnett to go to Elizabeth and that they were down around Linden in connection with some real estate deal. Linden, as you know, is just outside Elizabeth. And they repaired to some local office to draw up some documents in connection with the real estate deal. Hartnett admitted that on cross-examination and said that they had a deal, which has been characterized by the defendant as a partnership deal *but which to my way of thinking was more in the nature of a joint enterprise, because that was simply limited to one real estate deal on which they were splitting a commission;* but

Hartnett said they had concluded their business arrangement. Of course, that is for you to determine. I do not know whether they had or whether they had not. That is a very important fact in the case and a very important factor. The defendant's theory is that the business deal had not been consummated, and had not been concluded, that is, that it wasn't wound up, and that they continued on and went on up to the Swiss Chalet, where they had dinner, and that they were still on that enterprise at the particular time of the accident. On the other hand, the plaintiffs' insistment is that when they left Elizabeth that the business venture had failed at that moment of time and that the rest of the journey was devoted to pleasure. Now, that becomes important for this reason."

The portion of the charge thus complained of is a mere recital either of the evidence or of the contentions of the opposing counsel, with the exception of the phrase which we have italicized. The comment thus injected was, we think, not only within judicial jurisdiction but also a quite appropriate and timely observation.

The second excerpt from the charge presented under the same point is as follows:

"'If you find that the plaintiff's decedent Petrilla, and Hartnett, the chauffeur, were partners, and engaged in partnership business at the time of the accident, then each is an agent of the other, and their responsibility was mutual.'

"I will so charge you, but while I am charging you that I want to say this to you, that while I notice all through the defendant's requests to charge counsel used the word 'partnership,' I think the better term would be 'a joint enterprise.' There does not seem to be any evidence in this case that these men were partners in the general sense of the word. All the testimony seems to indicate that they were interested in putting over one isolated real estate deal. If I am in error I want counsel for the defense to contradict me."

The first sentence was the defendant's fifth request to charge. It was charged by the court with the limitation or qualification added in the ensuing language. It was only

to the latter that the exception was taken. The fault alleged by the appellant appears not to be in the distinction drawn by the court between a partnership and a joint enterprise but to be, first, that the court submitted to the jury the question of the existence of any such relationship, by whatever name it be called, between Hartnett and the decedent and, second, that the court did not in terms define the expression "joint enterprise." We think that the question was properly submitted. We think also that the context of the charge carries to the average mind what the words "partnership" and "joint enterprise" indicated. If appellant desired a more precise definition, she should have presented the same with a request to charge. *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605. This she did not do; nor did she except to the alleged omission.

Under point two appellant brings up this further excerpt from the charge:

" 'The operator of the north-bound motor bus was under no duty to anticipate that the driver of the south-bound vehicle would turn out suddenly from behind a car which he was following, and cross the centre of the road and in the path of north-bound traffic so close as to endanger the safety of both vehicles, and the occupants thereof, and, therefore, was under no duty to give any warning which would serve notice of his approach upon the driver of the south-bound vehicle.

" 'I so charge you, subject to the qualifications that the recital of facts contained in that request to charge meets with your conception of what the real facts in the case are. Of course, it is the driver's contention, you will remember, during the course of the trial, that the Hartnett car pulled out from its direct course. Hartnett on the other hand denies that he pulled out from anything. He says that the bus pulled over to his side of the road and ran into him. It is for you to determine what is the fact and which is correct.' "

Again regard must be had for the precise point involved. The first sentence of the excerpt was defendant's twelfth request to charge. To that language defendant did not ex-

cept. The following matter is the limitation and qualification made by the court. It is to that that the exception was taken. We consider that this observation was for the plaintiff's benefit in that it brought home to the jury that the application of the request to charge depended upon a finding, by the jury, of the facts in accordance with the defendant's contention. The appellant was certainly not harmed.

A further portion of the charge discussed by the appellant under this point was not excepted to by the appellant at the trial.

The final point argued by the appellant is that the court erred in charging the jury as follows:

" 'I charge you that there is no evidence in this case that the brakes of the defendant's motor bus were defective.'

"This is correct, the negligence alleged being as to lack of proper control."

The subject-matter thus charged was defendant's fifteenth request. There was no exception noted by the appellant; so that even if we thought, which we do not think, that the charge was erroneous, the matter is not properly before us for review.

The judgment below will be affirmed.