CHARLES B. McGINLEY, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ROXOR PEARCE, DECEASED, PLAINTIFF-RESPONDENT, v. CHARLES WINTERS, DEFENDANT-APPELLANT.

Submitted February 18, 1933—Decided April 28, 1933.

For the defendant-appellant, *Connolly & Hueston.*

For the plaintiff-respondent, *Augustus S. Dreier.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from a judgment entered on the verdict of the jury in favor of the plaintiff in an accident case.

The first point of the defendant-appellant is "that the trial judge erred in refusing to grant defendant's motion for a nonsuit."

That motion was based upon the sole ground that "there was no proof that the accident caused death." That ground was ill-founded in point of fact.

The evidence tended to show the following matters of fact: The defendant's motor truck was traveling on a public highway in Union county. It collided with and upset the automobile of one Hamilton in which the plaintiff's intestate was riding as an invitee. A part of the metal work of the de-

fendant's truck pierced the decedent's body injuring him severely. Decedent was immediately taken to a hospital and was operated on the next day and died four days after the accident. Prior to the accident decedent had always enjoyed good health. There was no evidence of any intervening cause of death. The inference was therefore justified that the accident in question caused the decedent's death, and the question was therefore properly submitted to the jury. *Stern* v. *Stulz-Sickles Co.*, 109 *N. J. L.* 415; *Batton* v. *Public Service Corp.*, 75 *Id.* 857.

Under this same head the defendant argues that plaintiff's *Exhibit No.* 7 was improperly admitted in evidence. But a sufficient answer to that contention is that there was no exception to the ruling of the trial judge admitting such evidence, and therefore the ruling will not be reviewed on appeal. *Kargman* v. *Carlo*, 85 *N. J. L.* 632; *Neipert* v. *Yellow Cab, Inc.*, 110 *Id.* 351.

The only other point argued is that the trial court erred in refusing to charge as follows:

"It is a question for the jury to determine whether or not the decedent and the operator of the car in which he was an occupant were engaged in a joint enterprise at the time of the happening of the accident complained of."

We think the request was properly refused. The evidence does not tend to show a joint enterprise. To constitute a common or joint enterprise within the rules as to imputed negligence, there should be a joint interest or community of interest in the object or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto. Each must have some voice and right to be heard in its control and management, and the mere fact that two persons are doing something together does not make each chargeable with the negligence of the other, nor does the mere fact that they have certain plans in common. 45 *C. J.* 1020; *Yanco* v. *Thon*, 108 *N. J. L.* 235; *Harber* v. *Graham*, 105 *Id.* 213. The theory of the law which makes each person engaged in a common purpose at the time of an injury resulting from the negligence of some

outside person responsible for the negligence of any one of his associates contributing to the injury is that each was the agent of the other and was responsible for the consequences resulting from the acts of the other or any of them. Here there was no evidence tending to show any right of the decedent to a voice or right to be heard in the management and control of the car in which he was riding at the time of the accident.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.