BETTY FISCH, PLAINTIFF-APPELLANT, v. RALPH WATERS AND BERNARD J. KAISER, DEFENDANTS-RESPOND-ENTS.

Argued January 20, 1948—Decided February 26, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-appellant, *Budd & Larner* (*Samuel A. Larner*, of counsel).

For the defendants-respondents, *Slickel & Stickel* (*Harold M. Kain*, of counsel).

The opinion of the court was delivered by

WACHENFELD, J. A judgment in the District Court was rendered against the appellant on her claim for personal injuries sustained in an automobile accident. She was riding in a vehicle owned by her and driven at the time by her husband, when it collided with a car operated by the defendant Waters.

By stipulation the appeal against Kaiser was abandoned.

The agreed facts show that the District Court Judge found, apparently with justification, that both drivers, Josef Fisch and Ralph Waters, were guilty of negligence. He also found that Josef and Betty Fisch were engaged in a joint venture

and therefore the negligence of Josef was imputable to the appellant, Betty Fisch, his wife.

The only question on appeal is whether the court below was in error in its finding that the Fisches were engaged in a joint enterprise so as to impute the negligence of the driver, the husband, to the wife, a passenger.

It is submitted by the appellant that the evidence was insufficient to spell out a joint enterprise because there was no proof from which an inference could be drawn that the wife had "any voice or control" in the operation of the car, and the following cases are relied upon: *Harber* v. *Graham,* 105 *N. J. L.* 213; *Yanco* v. *Thon,* 108 *Id.* 235; *McGinley* v. *Winters,* 110 *Id.* 540, and *Ceccomancino* v. *D'Onofrio,* 111 *Id.* 494.

These cases are not controlling in the case *sub judice* because there the passenger was not the owner of the car and there was no question of agency. The court in *McGinley* v. *Winters, supra,* said:

"The theory of the law which makes each person engaged in a common purpose at the time of an injury resulting from the negligence of some outside person responsible for the negligence of any one of his associates contributing to the injury is that each was the agent of the other and was responsible for the consequences resulting from the acts of the other or any of them."

Here admittedly the appellant owned the car in which she and her husband were riding. There was conflicting testimony as to the collision but it was agreed that the husband, Josef, at the time of the accident was operating the automobile and that his wife was riding in the front seat next to him and Wohlreich, a passenger, was in the back seat. They were all interested in bringing their relatives, who were European refugees, to this country and all three were going to an office on High Street in the City of Newark to make affidavits for this purpose.

In *Venghis* v. *Nathanson,* 101 *N. J. L.* 110, the Court of Errors and Appeals said:

"The evidence showed that the car was owned by the defendant. Such proof of the wife's ownership of the auto-

mobile, which was being driven on the public highway by her husband, raised a presumption of fact that it was being driven by him as her agent, and that he was acting within the scope of his agency."

The negligence of the agent acting within the scope of his agency is imputable to the principal. *DeMott* v. *Knowlton,* 100 *N. J. L.* 296; *Tischler* v. *Steinholtz,* 99 *Id.* 149; *Missell* v. *Hayes,* 86 *Id.* 348.

The case was tried before the District Court without a jury and there was evidence to support the finding of the court below.

We find no reversible error and the judgment of the District Court is therefore affirmed, with costs.