8 N.J. Super. 88 (1950)
73 A.2d 357
WILLIAM BINDER, AN INFANT, BY HYMAN BINDER, HIS NEXT FRIEND, AND HYMAN BINDER, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
WILLIAM GREEN AND HERMAN ROSEN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1950.
Decided May 24, 1950.
*89 Before Judges JACOBS, DONGES and BIGELOW.
Mr. William Furst argued the cause for the appellants (Messrs. Furst & Kessler, attorneys).
Mr. Michael J. Donlon argued the cause for the respondent William Green (Mr. George D. McLaughlin, attorney).
Mr. John E. Hughes argued the cause for the respondent Herman Rosen (Mr. W. Clark Gaw, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The plaintiffs appeal from a judgment for the defendants entered in the Law Division, Essex County, pursuant to a verdict of the jury.
*90 The plaintiff William Binder and the defendant Herman Rosen were students at the Essex County Vocational Technical High School. On March 16, 1948, Rosen came to Binder's classroom and asked him whether he "wanted to go to Halems Luncheonette on Chancellor Avenue and have lunch there." They left school and Rosen drove his Plymouth to the Luncheonette where they met two girls whom they knew and had lunch together. On the return trip to school Rosen's car, while being driven by him, collided with the Chrysler owned and driven by the defendant Green. Binder was injured and he and his father instituted their action in the Law Division against Rosen and Green alleging that the accident resulted from the negligent operation of their cars. Rosen filed an answer in which he denied negligence, asserted that the accident was due to the negligence of others, and alleged (1) that his negligence was imputable to Binder on the ground that they were engaged in a joint enterprise, and (2) that Binder was guilty of contributory negligence. Green filed an answer in which he denied negligence, asserted that the accident was due to the negligence of others, and alleged (1) that Binder and Rosen were engaged in a joint venture, and (2) that the plaintiffs "assumed the risk, if any." Green's answer did not assert contributory negligence. See Rule 3:8-3.
On September 30, 1949, a pretrial order was signed by the Court and the parties which set forth that the defendant Rosen denied negligence, claimed that the accident was caused by the defendant Green and waived the "other defenses in the answer." This stipulation upon which the plaintiffs could then properly rely was intended to and did eliminate the issues of contributory negligence and joint enterprise between the plaintiffs and Rosen. See Rule 3:16; Jenkins v. Devine Foods, Inc., 3 N.J. 450 (1949); Mead v. Wiley Methodist Episcopal Church, 4 N.J. 200 (1950). It may be noted that in any event the defense of joint enterprise was not available to Rosen, one of the alleged joint entrepreneurs. See Yanco v. Thon, 108 N.J.L. 235 (Sup. Ct. 1931).
*91 At the trial on December 7, 1949, Binder testified that Rosen had been driving about thirty-five miles per hour; he had told Rosen he was going too fast; and Rosen had slowed down but was still traveling at perhaps thirty miles per hour. Although his testimony was somewhat confusing, it might be inferred therefrom that the time allotted for the trip to and from the Luncheonette had been insufficient and that Rosen was then due back at school. Rosen testified that he was driving at twenty to twenty-five miles per hour when he approached the intersection where the accident occurred; he slowed down and saw Green's car coming at a very fast speed; and he put his brakes on but his car skidded and collided with Green's car. Green testified that he was traveling about twelve to fifteen miles per hour and was struck by Rosen's car which was "literally flying."
At the close of all of the testimony counsel for the plaintiffs, after pointing out that Rosen had abandoned his defenses other than his denial of negligence and assertion that the accident was caused by Green's negligence, moved to strike Green's defense of joint enterprise on the ground that there had been no showing of joint control over the operation of Rosen's car. See Ceccomancino v. D'Onofrio, 111 N.J.L. 494, 501 (E. & A. 1933); Hegerty v. Frazier, 116 N.J.L. 406 (E. & A. 1936); Restatement, Torts (1934), § 491, Comment (c). The motion was denied and the Court proceeded with its charge to the jury.
In its charge the Court stated that Rosen and Green each denied his negligence but asserted the other's negligence, and that Rosen also asserted the defenses of contributory negligence and joint enterprise. The Court then instructed that the burden of establishing negligence was on the plaintiff, the burden of establishing contributory negligence was on the defendant, and if contributory negligence was established "the plaintiff can have no recovery." The jury could conclude from the charge that if they found Binder guilty of contributory negligence they were to return their verdict in favor of both Rosen and Green. Later the Court defined joint enterprise, *92 setting forth as an essential element that each participant have "some voice and right to be heard" in the control and management of the car. It did not, however, instruct the jury that Rosen could not avail himself of the doctrine (Yanco v. Thon, supra) nor did it express any view as to whether the evidence in the case permitted application of the doctrine in favor of the defendant Green. Cf. Ceccomancino v. D'Onofrio, supra.
At the close of the charge counsel for the plaintiffs objected, pointing out that the defendant Rosen had waived the defenses of contributory negligence and joint enterprise in the pretrial order and that the defendant Green had never pleaded contributory negligence. Following this objection the Court expressed the thought that "in so far as the defense of contributory negligence is referred to and covered in the charge, I think properly it may be withdrawn because I find no pleading now of contributory negligence in the case." Thereupon, counsel for Green urged that no harm had been done by the Court's charge on contributory negligence and that it should remain unaltered. Counsel for Rosen also urged that the charge should not be modified and applied for an amendment of the pretrial order so as to reinstate his defense of contributory negligence. Above objection, the Court granted this motion and stated that the "charge to the jury will not be disturbed." The jury retired and thereafter, in response to an inquiry, the Court instructed it that the issue of whether or not Binder was chargeable with contributory negligence was a matter of fact to be determined by the jury rather than the Court. At this point counsel for the plaintiffs restated his earlier position but the Court again declined to modify its charge and granted a further motion by Rosen's counsel to reinstate his defense of joint enterprise. The jury returned its verdict of no cause for action and the plaintiffs' appeal is from the ensuing judgment.
In the light of Green's answer and the waiver by Rosen in the pretrial order, plaintiffs' counsel could properly proceed with the trial upon the belief that contributory negligence was *93 not in issue and was entitled to conduct his examination on that basis. At no point prior to the Court's charge was there indication that the defense of contributory negligence was being relied upon as a defense by either party. It is true that some of Binder's testimony related to his conduct while the car was being operated; but that testimony bore on the directly controverted issue of Rosen's negligence and if it tended to establish contributory negligence it did so only incidentally. It was insufficient to furnish support for the contention now raised that the issue of contributory negligence was actually "tried by consent or without the objection of the parties" within Rule 3:15-2 which permits appropriate amendment to conform pleading to proof. See Simms v. Andrews, 118 F.2d 803, 807 (C.C.A. 10th 1841). See also 3 Moore's Federal Practice (2d Ed. 1948), p. 847, where the author points out that "it cannot be fairly said that there is any implied consent to try an issue where the parties do not squarely recognize it as an issue in the trial."
It is urged that the Court had power to amend the pretrial order even after the case was submitted to the jury. Unless much of the effectiveness of the pretrial conference is to be lost, binding effect must ordinarily be given to pretrial orders entered pursuant to Rule 3:16. However, since the practice is designed to facilitate rather than thwart the attainment of justice, to that end the Court ought have broad power to permit amendment of the pretrial order under appropriate circumstances. The Rule expressly provides that a pretrial order may be modified at the trial to prevent manifest injustice and we assume that in a proper case where the adverse party may not assert prejudice, the Court might permit amendment even after submission of the case to the jury. In the instant matter, however, we are satisfied that the belated amendment of the pretrial order was prejudicial to the plaintiffs and was improperly allowed. The plaintiffs' counsel conducted his examination upon the assumption that contributory negligence was not an issue and he had no opportunity to meet it after it was introduced by the Court's charge. *94 supported by counsel for the defendants, and the motion for amendment by counsel for Rosen. It seems that fairness to the plaintiffs dictated that if either defendant sought to rely upon the defense of contributory negligence he should have asserted it at or before the trial in sufficient time to enable the plaintiffs to meet it in orderly manner.
Our examination of the entire record has led us to the conclusion that, in the interests of justice, the plaintiffs should have a new trial against the defendants with opportunity to the parties for further pretrial conference and amendment or modification of the pleadings and pretrial order. Cf. Mead v. Wiley Methodist Episcopal Church, supra. Accordingly, the judgment is reversed and a venire de novo awarded.