PATRICK CONROY, PLAINTIFF-APPELLANT, v. NICHOLAS PURCARO, DEFENDANT-RESPONDENT.

Argued March 16, 1964—Decided April 20, 1964

*Mr. Bernard Chazen* argued the cause for appellant (*Mr. Nathan Baker,* of counsel; *Messrs. Baker, Garber & Chazen,* attorneys).

*Mr. Robert L. Clifford* argued the cause for respondent (*Messrs. Egan, O'Donnell, Hanley & Clifford,* attorneys).

The opinion of the court was delivered

PER CURIAM. This is an automobile accident case. The jury found for defendant and the Appellate Division affirmed. We granted certification. 41 *N. J.* 195 (1963).

Plaintiff parked his car on the shoulder of a highway. He opened the door on the driver's side and attempted to emerge. Defendant, approaching from behind, apparently first hit the left rear of plaintiff's car and then continued into the opened door.

Plaintiff estimated the car was 2½ to 3 feet from the travel portion of the road before the accident, while a police officer who came to the scene after the occurrence fixed the distance at 11 or 11½ inches. There were no marks on the road to indicate whether and to what extent plaintiff's car was moved by the impact. The jury could find either way with respect to whether the door, which measured 45 inches, extended into the roadway itself at the time of the collision.

In this setting the trial court granted defendant's request to charge:

"Request No. 4 reads as follows: It is the duty of the plaintiff, in the exercise of reasonable care, to make an observation for oncoming traffic before attempting to get out of his automobile. Further, the law imposes upon him a duty to make that observation an effective one.

If you find that the plaintiff either did not make an observation at all, or that if he did make an observation it was not effective, and that either of these circumstances contributed in any degree in the chain of proximate causation of the injuries he suffered, then I charge you that the plaintiff did not fulfill the duty imposed upon him by law and consequently cannot recover at your hands. In that event your verdict must be in favor of the defendant of no cause of action. I so charge you."

To this plaintiff objected, saying "I respectfully except to your Honor's charging of the fourth request of the defendant," to which the court replied "Very well. Your exception will be noted too."

## I.

The Appellate Division found the charge was erroneous but held that plaintiff's objection to the charge did not satisfy *R. R.* 4:52–1 which provides that "No party may urge as error any portion of the charge or omission therefrom unless he objects thereto * * * stating distinctly the matter to which he objects and the grounds of the objection." The Appellate Division also declined to apply the plain error rule, *R. R.* 1:5–3(c), saying the evidence of contributory negligence was "most compelling" and the substantial rights of the plaintiff were not affected by the error.

■■ The rule requires a distinct statement of the grounds of objection to a charge, to the end that the trial court will be aware of the criticism and may correct the charge in the light of that understanding. We think the objection here made, although inadequate if viewed in isolation, sufficed in the circumstances of this case. The objection was limited to the fourth request which (1) stated there was a duty to look and (2) specified the quality of the observation. The trial court had to know the objection ran to these two precise matters. No doubt, it would have been the better course for plaintiff to have articulated the reason why he thought the charge was wrong, but here the making of an objection itself tended somewhat to indicate the grounds, and on the motion for a new trial the trial court did not suggest that it was unaware of what plaintiff had in mind. Moreover, the alleged error was of defendant's own making, for it was defendant who fashioned the request. We do not mean that a requested charge is outside the quoted mandate of the rule, but since the rule is designed in part to protect a litigant from the burden of a retrial which could have been avoided by a proper objection in the trial court, we think it appropriate in a close situation to take into account the circumstance that, in invoking our rule, respondent seeks to retain the benefit of an erroneous charge he himself elicited.

## II.

There are two difficulties with the charge. One resides in the categorical statement that plaintiff was required to make an observation before getting out of his automobile. If it were clear that the opened door extended into the travel lane, we would see nothing wrong with the instruction since we think a reasonable man would agree that he should look before stepping into the travel portion of a road. On the other hand, if plaintiff's testimony is accepted, he did not go beyond the shoulder and in those circumstances it would be for a jury to decide whether a reasonable man would make an observation for some errant driver riding off the highway. And, in this connection, it is no answer to say that, since plaintiff himself testified that he looked, he could not have been harmed by an instruction that he had to look, for the jury may have thought his observation was too meager to satisfy the duty the charge imposed.

The second difficulty resides in the instruction that the observation must be an "effective" one and that defendant must win if the observation was not "effective."

Plaintiff says this instruction was equal to a direction of a verdict against him in that, since he did not see defendant's car, his observation was unsuccessful and therefore ineffective.

"Effective" usually means "Producing a decided, decisive, or desired effect; as *effective* measures." *Webster's New Collegiate Dictionary* (1956). We confess we do not understand what is meant by an "effective" observation. The difficulty is that the word is tied up with and controlled by an end result—an "effect." Whether something is effective depends upon what is to be achieved. If the purpose of an observation is to see what is within the ordinary range of danger, then of course an observation which reveals what was within that range would be "effective." On the other hand, if the observation is intended to reveal anything anywhere which could conceivably be a hazard, then of course an observation limited to a lesser area would not be an effective one.

In short, one cannot say whether an observation was "effective" until he first specifies what the observation is intended to accomplish.

There is no authority to support the use of "effective" to describe the required observation. Defendant refers us to *LeBavin v. Suburban Gas Co.*, 134 *N. J. L.* 10, 13 (*E. & A.* 1946); *Goldenberg v. Reggio*, 112 *N. J. L.* 440, 442 (*Sup. Ct.* 1934); and *Puorro v. Salerno*, 109 *N. J. L.* 381, 383 (*E. & A.* 1932). Those cases do not say that an observation must be "effective" but rather point out that an observation is not necessarily improper because it does not disclose the presence of another vehicle, pointing out that an observation need not extend beyond the distance within which vehicles, moving at a lawful speed, would be a source of danger. It is in this connection that the cited cases say that "[i]t is recognized that reasonably effective use of the powers of observation by a plaintiff who is hit by an automobile may be made and yet the presence of such a vehicle not disclosed" (134 *N. J. L.*, at *p.* 13).

This of course is different from saying that an observation must be "effective." It is one thing to say that a person about to step upon a highway should make such observation as a reasonable man would make in the circumstances; it is something else to say that the observation must be successful or effective without describing the physical range within which it must thus be productive. The jury may well have understood the charge to mean that plaintiff's observation was necessarily inadequate if it failed to reveal defendant's car. We cannot be at all sure that the jury would have understood "effective" observation to mean no more than an observation which would reveal defendant's car if it was within the area of danger as to which the reasonable man would be on guard.

The word "effective" serves only to lend ambiguity, and the ambiguity being of defendant's own making, we should resolve in plaintiff's favor any lingering doubt upon the topic of prejudice. The Appellate Division observed the evidence of contributory negligence was strong. It was, if

plaintiff sought to step into the highway and if defendant was riding a normal course. But, as we have said, plaintiff insists he did not step into the highway, and further defendant does not explain how it came about that he first struck the left rear of plaintiff's car as the jury could readily find. In these circumstances we do not believe we should dismiss the error as harmless.

The judgment is reversed and the matter remanded for retrial.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.