85 N.J. Super. 404 (1964)
204 A.2d 895
MARTHA D. CLEMENS, PLAINTIFF-APPELLANT,
v.
WILLIAM F. O'BRIEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1964.
Decided November 17, 1964.
*407 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Garret A. Hobart, IV, argued the cause for appellant (Messrs. Schenck, Price, Smith & King, attorneys).
Mr. Richard F. Connors argued the cause for respondent (Messrs. Lieberman, Gorrin, Connors & Ironson, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
We here deal with the controversial doctrine of automobile tort law generally known as joint enterprise or joint venture  a rule apparently not the subject of discussion in any reported New Jersey case since Fisch v. Waters, 136 N.J.L. 651 (Sup. Ct. 1948).[1] The occasion is an appropriate one for clarification and evaluation  at least in relation to the issue of imputing the negligence of an automobile driver to a passenger to bar the latter's action against a negligent third person.
On February 2, 1961 plaintiff Martha D. Clemens was a passenger in the front seat of an automobile owned and driven by her husband, plaintiff Harold O. Clemens, when that automobile and one operated by defendant collided at a T-intersection. Mrs. Clemens was injured as a result, and she here appeals a judgment entered for defendant on a jury's verdict.
We need not detail the circumstances of the accident except to say that in our judgment a jury could have found either or both of the drivers negligent. At the time of the accident plaintiff and her husband were en route to his place of employment; it was their intention, upon getting there, for her to take the car and drive to her own place of employment. At the end of the day she would pick him up with the car for the homeward journey. This was their daily routine.
The action was originally instituted in the Superior Court but was transferred to the Morris County District Court pursuant *408 to R.R. 4:3-4. At the end of the entire case the trial court denied a motion submitted on Mrs. Clemens' behalf to strike the defense of her contributory negligence as a matter of law. There was evidence in the case from which, as we see it, the plaintiff could arguably have been found contributorily negligent in failing to warn the driver of the oncoming vehicle of the defendant.
The court's general charge to the jury included an instruction "that if the plaintiff Harold Clemens [he does not appeal], was determined * * * to be guilty of contributory negligence, that act of contributory negligence was to be imputed to Mrs. Martha D. Clemens as a matter of law." The asserted error in the quoted portion of the charge is the gravamen of this appeal. The court had already charged the jury generally on negligence, contributory negligence and other subjects appropriate to the case. While the Agreed Statement of Proceedings before us does not so indicate, the parties advised us at the argument that the purported basis for the court's quoted instruction was the "joint enterprise" rule and that the subject arose for the first time in the trial in the course of argument of plaintiff's motion to relieve the jury of the issue of plaintiff's contributory negligence. Plaintiff did not formally object to the charge when made. She later, however, made a timely motion for a judgment notwithstanding the verdict or for a new trial on damages alone or alternatively on liability and damages. The motion was denied.
Because of our conclusion on the merits, we are passing plaintiff's preliminary argument that joint enterprise should not have been charged because not encompassed by defendant's plea of contributory negligence. But we think the better practice would have been specifically to plead the defense, as joint enterprise involves imputed negligence while contributory negligence signifies actual negligence. Defendant, for his part, urges that the alleged error in the charge should not be taken cognizance of on this appeal because not objected to below. However, we gather from the oral argument that plaintiff's counsel expressed his disagreement with *409 the applicability of the doctrine of joint enterprise as a defense here when the matter arose in the course of argument below on plaintiff's motion to eliminate the issue of contributory negligence; and so the trial court was presumably aware of plaintiff's position on the point when the charge was delivered. In any event, we are clear that the charge of the trial court was plain error, having manifest capacity for injustice to plaintiff, and should be dealt with on this appeal. See Conroy v. Purcaro, 42 N.J. 120, 123 (1964); cf. Kreis v. Owens, 38 N.J. Super. 148 (App. Div. 1955). Airing the important legal issue presented, will, moreover, be of benefit to the bench and bar.
While there are multifarious judicial variations on the general theme, a common statement of the joint enterprise or joint venture rule in automobile negligence law is that where two or more persons are riding in a car in the course of prosecution of a common purpose or object and the passenger or passengers have an equal right to be heard as to the manner in which the car is operated (sometimes stated as "an equal right to direct and govern the movement and conduct of each other" in relation to the journey and the operation of the vehicle) there is a mutual agency and the driver's negligence will be imputed to the passengers to bar their recovery from a negligent third person where the negligence of both drivers concurred to cause the accident. 8 Am. Jur.2d, Automobiles and Highway Traffic, § 679, p. 230; Prosser, Law of Torts, § 65, pp. 363-366 (1955); 2 Harper and James, The Law of Torts, § 23.2, at p. 1268 et seq. (1956); Weintraub,[2] "The Joint Enterprise Doctrine in Automobile Law," 16 Cornell L.Q. 320, 325 (1931).
Implicit in the decisions applying the joint enterprise doctrine as a separate and distinct concept is that it adds something to the independent, subsisting principles that the negligence of an agent is imputable to his principal, that of *410 an employee to his employer, and that of a business partner or joint adventurer to his copartners or coadventurers, provided in each case that the agent or employee is driving the car in the course of the principal's or employer's business or that of the joint adventure.[3] Also to be put to one side is the rule barring the passenger for his actual contributory negligence.
The narrow issue presented on the present appeal is easily disposable within the conventional formulation of the joint enterprise doctrine. The trial court was wrong in charging the jury as it did because there was here proof of neither a common purpose or object in the trip nor of an equal right to control the method of operation of the car.
As to the requisite of common purpose, the marital relationship of the driver and passenger, standing alone, is irrelevant. 8 Am. Jur.2d, op. cit., supra, § 680, p. 233; Virginia Transit Co. v. Simmons, 198 Va. 122, 92 S.E.2d 291 (Sup. Ct. App. 1956); Brubaker v. Iowa County, 174 Wis. 574, 183 N.W. 690 (Sup. Ct. 1921); cf. Peskowitz v. Lawrence F. Kramer, Inc., 105 N.J.L. 415 (E. & A. 1929). Apart from the natural interest which any spouse has in the activities of the other, plaintiff and her husband were not engaged in this journey for any common purpose or pursuit within the contemplation of the joint enterprise rule. She was going to her job; he to his. See Buss v. Robison, 255 S.W.2d 339 (Tex. Civ. App. 1952); Van Glidden v. Gugel, 220 Wis. 612, 265 N.W. 706 (Sup. Ct. 1936); Allen v. Clark, 148 Neb. 627, 28 N.W.2d 439 (Sup. Ct. 1947) (members of car pool).
Insofar as the conventionally essential factor of right of control in the plaintiff over the car is concerned, there is an utter absence of proof here. See Tischler v. W.J. & S.R.R. Co., 110 N.J.L. 473 (E. & A. 1933); McGinley v. Winters, *411 110 N.J.L. 540 (E. & A. 1933); Ceccomancino v. D'Onofrio, 111 N.J.L. 494, 500 (E. & A. 1933). Here the husband owned the car. During the portion of the trip then in progress, so far as anything to the contrary here appears, the husband was the sole repository of control of the car or of the right of control or operation. Compare Fisch v. Waters, supra (136 N.J.L. 651), where the wife-passenger owned the car, and the barring of her action appears to have been rested ambivalently on conventional agency as well as on joint enterprise; but see infra.
It is plain, then, that on these facts and the common understanding of the application of the doctrine of joint enterprise, it was not only erroneous to hold plaintiff barred as a matter of law by her husband's contributory negligence, if any, but there was an absence of any evidentiary basis to submit the issue to the jury. The error in the charge was clearly prejudicial, as it may well have been the determinative reason for the jury's adverse verdict.
However, we think it advisable to lay a broader basis for our determination. It is manifest that the development of negligence law by our highest courts in recent years points in the direction of a salutary spread and broadening of the social burden of accident-caused loss. See Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29, 47-48 (1958); Taylor v. N.J. Highway Authority, 22 N.J. 454, 470 (1956); Pangborn v. Central Railroad Co. of N.J., 18 N.J. 84, 100-103 (1955); Long v. Landy, 35 N.J. 44 (1961); McAndrew v. Mularchuk, 33 N.J. 172 (1960); Bozza v. Vornado, Inc., 42 N.J. 355 (1964); Faber v. Creswick, 31 N.J. 234 (1959); Smith v. Brennan, 31 N.J. 353 (1960); Duffy v. Bill, 32 N.J. 278, 291-293 (1960); cf. dissent in Koplik v. C.P. Trucking Corp., 27 N.J. 1, 13 (1958). Furtherance of that public policy makes desirable the elimination of imputed contributory negligence as a bar against recovery by an innocent passenger against the operator of another car whose negligence has concurred in causing injury to the passenger and consequent loss and damage unless there is a sound reason not *412 to do so. We lay to one side situations wherein the driver and passenger stand at the time of the accident in the actual relationship of agent-principal or employee-employer, or where they are business partners or co-joint adventurers[4] engaged in the prosecution of their business. We find no rationally justifiable reason for such imputation of negligence to the passenger in other situations commonly subsumed under the rubric of joint enterprise. This conclusion appears to be in accord with the consensus of scholars in the field. See, e.g., Prosser, op. cit., supra, § 65, p. 367, 2d col.; 2 Harper and James, op. cit., supra, § 23.2, p. 1268, referring to the "unhappy reincarnation" by the joint enterprise doctrine of the long since dead rule of Thorogood v. Bryan, 8 C.B. 115, 137 Eng. Rep. 452 (1849), imputing the negligence of the driver of a public conveyance to a passenger therein. Weintraub, op. cit., supra, pp. 337-338, describing the doctrine of joint enterprise as "out of harmony with the expectations of the average man," and expressing the view that holding (with the exceptions noted above) "that only the negligent parties are affected by their own conduct would be more consistent with the current philosophy in favor of spreading those losses which, in a complicated society, are well-nigh inevitable" (no less true in 1964 than 1931).
The joint enterprise rule was never the common law of England. Its rise in this country was based on the notion of a special kind of mutual agency arising from a "pro hac vice" partnership (see Yanco v. Thon, 108 N.J.L. 235, 238 (Sup. Ct. 1931)) between fellow-travellers when the attendant circumstances and the common purpose of their trip were thought to justify the inference of an equal voice in the control and direction ofthe conveyance being used. Prosser, op. cit., supra, § 65, p. 366. But the artificiality of the idea of mutual agency when it is postulated on nothing more than the setting of an automobile journey by persons with a common social purpose in making the trip, is starkly exposed when *413 one contemplates a tort action by third persons against the passengers in the subject car brought on the assumption of agency of the negligent driver thereof in such a situation. The repugnance of such a result may be reflected by the rarity of suits of that nature or of modern instances of recovery therein. Cf. Edlebeck v. Hooten, 20 Wis.2d 83, 121 N.W.2d 240 (Sup. Ct. 1963). We know of no such adjudicated result in this State. An attempt at such a recovery was defeated on the particular facts in Hegerty v. Frazier, 116 N.J.L. 406 (E. & A. 1936). And see 2 Harper and James, op. cit., supra, § 23.2, pp. 1268-1270. The case for the justness of such a recovery is not promoted by adding the requirement of the essentially fictional "right of control" in the passenger. If the passenger is not liable to the third person, logic precludes any true agency foundation for denying the passenger recovery against the driver of the other car on the basis of an imputation to the passenger of his driver's negligence. This is the so-called "both ways" test, espoused by the Restatement of Torts. See sections 491, 485.
Further demonstrating the ideological infirmity of the rule as generally articulated is the irrelevance of the purportedly essential prerequisite of equal right of control and direction in the passenger. As was pointed out by Weintraub in the article cited above, the passenger's so-called right of control is almost never discussed in the joint enterprise cases in terms of a duty of control or breach thereof, and the fact that the exercise or refusal to exercise the right of control does not bear any causal relationship to the accident or injury does not affect imputation of the driver's negligence under the aegis of joint enterprise. Op. cit., supra, at p. 334. Thus, a control criterion appropriately relevant only in the assessment of the existence of a master-servant relationship is curiously made the fulcrum of imputed negligence even where that relationship is not found to exist. Id., at pp. 335-336. Compare Porter v. Wilson, 357 P.2d 309 (Wyo. Sup. Ct. 1960), inveighing against imputation of negligence where "actual control" (emphasis by the court) of the vehicle is solely in *414 the driver, and citing the "realities of motor vehicle experience" and the "rational basis" of the reported decisions denying imputation (at p. 316).
The law of joint adventure or joint venture is not soundly applicable to raise a mutual agency between persons making a trip for mutual social purposes, since a joint adventure is by definition an association for commercial or profit-making purposes, not social purposes. It was so held in Edlebeck v. Hooten, supra, and imputation to the passenger of the driver's negligence was there denied on that ground. In New Jersey, too, a joint venture is defined as a "special combination of two or more persons where in some specific venture, a profit is jointly sought without any actual partnership or corporate designation." Wittner v. Metzger, supra (72 N.J. Super., at p. 444). The legal concept of a true joint adventure is thus a spurious basis for the "mutual agency" generally theorized to support imputed negligence in the automobile joint enterprise cases.
The New Jersey decisions appear to recognize or give lip service to the joint enterprise rule as conventionally stated, but, with the exception of the former Supreme Court case of Fisch v. Waters, supra, we find none the actual result of which was to bar an automobile passenger's action for the imputed negligence of his driver in a social "common-purpose" situation. The rule was held inapplicable for failure of the facts to show a right of control or direction in the plaintiff-passenger in Ceccomancino v. D'Onofrio, Tischler v. W.J. & S.R.R. Co. and McGinley v. Winters, all supra. It does not obtain as between coemployees en route from one place of work to another. Gifford v. Pennsylvania R.R. Co., 119 N.J.L. 397 (E. & A. 1938). The references to the rule in such cases as Harber v. Graham, 105 N.J.L. 213 (E. & A. 1928), and Yanco v. Thon, supra, were merely to deny its pertinence in actions by the passenger against the driver. There are other passing allusions to the rule in some of our reported cases which do not actually apply it in bar of a passenger's action. See, for example, Loeb v. Cook, 110 N.J.L. *415 417 (E. & A. 1933). In Petrilla v. Public Service Co-ordinated Transport, 9 N.J. Misc. 1178, 157 A. 89 (Sup. Ct. 1931), affirmed o.b. 109 N.J.L. 350 (E. & A. 1932), and Consolidated Traction Co. v. Hoimark, 60 N.J.L. 456 (E. & A. 1897), the facts suggested a possible business relationship of the passenger and driver, and the courts sustained charges to the jury which conditioned imputation of the driver's negligence to the passenger on the actual existence of a mutual business purpose being prosecuted at the time of the accident.
As indicated above, the doctrine of joint enterprise was apparently one of the bases for appellate sanction of a trial ruling against a passenger in Fisch v. Waters, supra (136 N.J.L. 651). The plaintiff was riding in a car owned by her and driven by her husband. They were en route to an office in Newark for the purpose of arranging to bring their European relatives to this country when their car collided with that of the defendant. The trial judge found both drivers negligent and denied plaintiff recovery by imputing her husband's negligence to her on the joint enterprise doctrine. In affirming, the former Supreme Court distinguished such earlier cases as the McGinley and Ceccomancino decisions, cited above, on the ground that there the "passenger was not the owner of the car and there was no question of agency" (at p. 652). In the case before it, the Fisch court mentioned the standard procedural rule as to the presumption of operation of a car on the business of its owner, but without alluding to the counter-vailing effect of the proof there adduced that the driver-husband had a personal objective in making the journey.
We cannot subscribe to the reasoning or result in the Fisch case, even were we to assume acceptance of the joint enterprise rule generally. First, the ownership of the vehicle by the wife did not per se establish or even tend to establish her control or right of control of its operation and direction at a time when her husband was actually driving it. Johnson v. Los Angeles-Seattle Motor Express, Inc., 222 Or. 377, 352 P.2d 1091, 1094 (Sup. Ct. 1960); Porter v. Wilson, supra. Of *416 course, as indicated above, there is no sound basis at all for relating the imputation of negligence to the passenger to any theoretical right of control in the passenger having no causal connection with a particular accident or loss. Second, the presumption of actual agency of the husband-driver for the wife as principal, in Fisch, was overcome by the conceded proof of the husband's independent interest of his own in making the trip.
In summary, we find no compelling basis for a determination that this State is bound to any rule barring a faultless automobile passenger's action against a negligent third person on the basis of imputation of the driver's negligence, by mere reason of their common interest in the purpose of their trip or any supposed shared right of control of the vehicle by the passenger, absent true agency of the driver for the passenger either on ordinary principles of agency or employment or arising out of a partnership or business joint adventure between the passenger and driver, and the trip's being taken in the course of the business. Being convinced that the Supreme Court of this State would not today apply any such rule of imputed negligence we reject it for purposes of determination of this case, now or on the remand. Compare State v. Chiarello, 69 N.J. Super. 479, 496-502 (App. Div. 1961), certification denied 36 N.J. 301 (1962).
Reversed and remanded for a new trial.
NOTES
[1] The rule is mentioned but not discussed or applied in Binder v. Green, 8 N.J. Super. 88 (App. Div. 1950).
[2] Joseph Weintraub, now Chief Justice of the Supreme Court of New Jersey.
[3] We are here referring to the legal entity known as the joint adventure, or joint venture, which is a temporary combination of persons conducting a specific enterprise for profit or gain. See Wittner v. Metzger, 72 N.J. Super. 438, 444 (App. Div. 1962), certification denied 37 N.J. 228 (1962).
[4] In the strict profit-making sense, as indicated above.