### LACEY v HEISEY

Ohio Appeals, 5th Dist, Licking Co

Decided May 26, 1936

Baldwin & Nolan, and Ernest T. Johnson, Newark, for appellant.

Fitzgibbon, Black & Fitzgibbon, Newark, and Forrest Ashcraft, Newark, for appellee.

## OPINION

By SHERICK, J.

The plaintiff appellant, Nellie Lacey, as administratrix, sought damages for wrongful death of her husband upon the theory that death resulted from the negligence of the appellee's employee Clarence Heisey, in driving his truck. By the amended answer any such negligent conduct is denied. It was further pleaded that the deceased died as a result of his own contributing negligence.

The evidence discloses certain uncontroverted facts. This was a night collision between two trucks at an ordinary street intersection. The appellee's truck was upon the right of the truck within which the deceased was riding. Both were traveling at about the same rate of speed, fifteen to twenty miles per hour. The appellant's truck was coming down hill at the time. The streets were covered with ice and snow and were slippery. Both cars arrived in the intersection at practically the same time. The physical facts established, or strongly preponderated in establishing, that the appellant's truck struck that of the appellee on its front left side.

The deceased and four fellow employees of a decorating company were riding in the one truck. Three were in the seat, and two were in the rear or box portion. This truck had been driven from Columbus to Marion and thence to Newark. From Marion to Sunbury, Lacey drove it. He was then spelled by a fellow employee, who drove to the scene of the accident. Lacey at the time was seated on the extreme right of the driver's seat next the door. It is a disputed fact as to whether or not the latch on the right door would hold, and whether the window in it was open so that Lacey could hold the door shut. As a result of the impact the door flew open and Lacey fell out. His head hit the

pavement and his neck was broken. It is further pertinent that Lacey and his four companions were fellow servants engaged in exactly similar labor. Neither was foreman, or superior to another. It was no one's particular duty to drive the truck. Either might drive it and exercise control over it. All were engaged in a common enterprise, that is, proceeding to Newark to remove decorations for and belonging to their employer. They bought gasoline and food out of their private funds. It was not evidenced that they or anyone else was reimbursed by their employer for such expenditures.

The cause was submitted to a jury, which returned a unanimous verdict in appellee's favor; judgment was so entered.

The first error complained of is that the trial court did not direct counsel for appellee to disclose the name of one who sat at appellee's trial table after the jury was impaneled. Appellee's counsel said he was an interested party, and now says that he was an insurance agent. It is now maintained by appellee's counsel, ██ and we think rightly so, that it would have been improper for the court at the trial to have ordered full disclosure as to their helper. **Vega, Admr. v Evans, 128 Oh St, 535, 191 NE, 757,** was then the law in this state with respect to disclosure that an insurance company was interested in a negligence action. **Dowd-Feder, Inc. v Truesdell, 130 Oh St, 530, 200 NE, 762,** which modifies the Vega case, had not then been decided. We see no error in the matter claimed.

It is urged that the court erred in permitting the jury to be shown a scuffed place in the curb, because there were many scuffed places in the vicinity. This view was not evidence. The jury was so instructed. It was evidenced ██ that the decedent's truck had gone over the curb. No evidence was introduced as to this marred place. The jury was properly told that its view was only for the purpose of aiding it in the application of the evidence produced. It is not probable that the jury was misled by its view of this scuffed place, and we do not believe that it was.

The appellant further maintains that the trial court erred in permitting the appellee to show by the witness Koblens, who testified on behalf of the defendant, that the latch on the door was defective and would not hold, and that one of the deceased's fellow servants who was riding in the seat so told him. It is claimed that this line of questioning was improper for two reasons: first, it was not a part of the res gestae; second, the appellee did not lay a foundation for this impeaching testimony. That inquiry upon cross-examination of the plaintiff's witness should have been first made, if they had not so stated to Koblens. Clearly any such statement ten minutes after the accident contained no element of spontaneity which would make this evidence admissible as a part ██ of the res gestae; but it was nevertheless admissible as a declaration against interest and in contradiction of plaintiff's witnesses who testified that the door fastening was in good condition. It was just as competent for that purpose as the evidence of written statements of plaintiff's witnesses which were inconsistent with their verbal testimony on the matter of the speed at which they were traveling.

The final errors complained of concern the trial court's refusal to give certain special requests, and also concern that portion of the general charge which directed that plaintiff could not recover if it had been proved that any negligence of the fellow servant driver had contributed to and was a proximate cause of decedent's injury and death. It is in fact conceded that if this is a case of joint enterprise, where the driver's negligence may be imputed to the deceased, then the objections made are not well taken. It is, however, vehemently insisted that the principle and issue of joint enterprise is not in this case; that it was not pleaded, and that whether proved or not such was a question of fact for the jury. It is true that it was not pleaded. It did not have to be for such may be shown under a general denial. It is not an affirmative defense. It will be noted that it is not so treated in **N. Y., C. & St. L. Rd. Co. v Kistler, 66 Oh St, 326, 64 NE, 130.** Rather it is a rule of evidence to be applied by the court when the evidence of the case on the point is not in dispute, and warrants a court's instruction that this is a case within the exception to the rule that negligence may not ordinarily be imputed. Again we would point out that the evidence in this case on that point is not in dispute. This being true there was nothing therein to submit to the jury, for it determines disputed facts only. It became the duty of the trial court to determine from the proven and undisputed facts ██ whether this was such a case as permitted invocation of

the joint enterprise rule, and, if the court so found, to so charge the jury.

The question, therefore, which determines the trial court's correctness in so charging, and in refusing to charge before argument, depends upon a determination of the question whether the undisputed facts establish a case of joint enterprise which warrants application of the rule of imputed negligence. N. Y., C. & St. L. Rd. Co. v Kistler, supra; **Bloom v Leech, 120 Oh St, 239, 166 NE, 137,** and other cases recognize that the facts of each case must be determinative of the rule. Passing, however, from a dissertation of the rule's application in this state, we find the following statement in 20 Ruling Case Law, 160, §134:

"Where two employees of the same employer are on a vehicle, the contributory negligence of the one who drivs the team cannot ordinarily be imputed to the other who has no control over the management of the conveyance."

This undoubtedly states the general rule, but the fact remains that the word "ordinarily" is advisably used. When we examine the authorities there cited, and also those listed in the notes appearing in 110 Am. St. Rep., 297, L.R.A. 1915A, 762, and 8 L.R.A. (N.S.), 631, we find the rule founded upon such facts as disclose superiority in one servant over another, or diversity of duty as performed by each; for example, where the driver of a delivery truck has a helper who makes foot delivery and who in no case drives the truck. Such a case is found in Slowik v Union St. Ry. Co., 282 Mass., 249, 184 NE, 469. It is therein said: "The duties of the driver and the plaintiff were wholly distinct and separate." The case of **East Ohio Gas Co. v O'Hara, 17 Oh Ap,** 352, (2 Abs 567), chiefly relied upon by appellant, is a case of like character. While the latter case is one of negligence, it is not a vehicle case. Here we find an explosion caused by the lighting of a match in a man-hole, which resulted in the death of the servant's foreman. It is also a case of dissimilar duties and degrees of superiority in the fellow servant.

Our search has disclosed the recent case of Bernard v Jennings, 209 Wis., 116, 244 NW, 589, wherein it is held: "that co-employees were assisting each other in alternating in driving truck held not to show they were engaged in joint enterprise." In that case the deceased's personal representative sought damage against his co-employee. It seems to the members of this court that reason is lacking for the conclusion reached. In a similar situation, found in Bloom v Leech, Admr., supra, Judge Day advances the following at page 248:

"As between themselves (co-employees), one could not use his own negligence as a reason to defeat his associate's claim for injuries due to such negligence. To do so would be tantamount to taking advantage of his own wrong."

This appeals to us as logically sound. It would have been reason sufficient in the Wisconsin case. It must not be forgotten that in the presented controversy a fellow servant is suing a third person, who cannot be so charged, and who may assert joint enterprise in a proper case. Reverting again to Bloom v Leech, supra, we find this statement approved of at page 244:

"Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management."

Surely the deceased, and his fellow servant, the driver, had the same object and purpose and the same interests to be served in their joint undertaking. Neither was subservient or superior to the other. Each might and did drive the truck. Each had the same duties to perform. Neither was designated by the employer to drive the truck. Each had an equal right to govern and control the truck's movement and the conduct of the other with respect thereto. Each had and exercised a voice in its operation. It is our judgment that the undisputed facts present a case for the application of the rule of joint enterprise and imputed negligence, and that the trial court did not err.

There remains a further sufficient reason why this judgment must be affirmed. The jury's verdict was not searched by special interrogatory. The verdict may have been reached by the jury upon one of two theories: first, upon the question of the driver's negligence imputed to the deceased; second, upon the question of the deceased's

own negligence, if they determined the fact to be that Lacey was holding the door shut and that he was so doing because the latch did not function. A verdict predicated upon the latter theory would not be illogical inasmuch as this very door is the only one that flew open upon the collision. The negligence of the driver has no connection with that of the deceased. No error is claimed to have intervened on the issue of the deceased's own negligence. We are unable to learn upon which theory the jury acted. There is presented, therefore, a case susceptible to the two issue rule, often announced and frequently adhered to by our Supreme Court. The judgment must be and is affirmed.

Judgment affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.