(No. 36581.—

EDWARD L. DEMBSKI *et al.,* Appellants, *vs.* LYNWOOD DEVELOPMENT CORPORATION *et al.,* Appellees.

*Opinion filed November 30, 1691.*

MITCHELL KILANOWSKI, of Chicago, for appellants.

RATHJE & WOODWARD, of Wheaton, (JOHN S. WOODWARD, of counsel,) and SCHUYLER, STOUGH & MORRIS, of Chicago, (ROBERT V. R. DALENBERG, and EDGAR D. BALLARD, JR., of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Du Page County dismissing the plaintiffs' amended complaint, and denying leave to file a second amended complaint. Plaintiffs sought an accounting and a conveyance of land from the individual defendants. A default judgment was entered against the corporate defendant, Lynwood Development Corporation, but that judgment is not involved on this appeal.

The amended complaint alleges that Lynwood Development Corporation entered into an installment contract for the purchase of land from defendants Everett and Clara Mitchell, and entered into a similar contract with defendants Duke and Grace Durfee. Both contracts called for initial payments in November, 1958, and successive annual installments of like amount through November, 1967. By a contract entered into in December, 1959, between plaintiffs and Lynwood, the latter was to assign all its rights under the purchase contracts to plaintiffs in return for certain money advances. Lynwood also agreed to repurchase them the following year for a far greater sum. Plaintiffs prayed for an accounting, a declaration that Lynwood had no further interest in the contracts, and an order directing the individual defendants to convey the land to plaintiffs.

The court on motion dismissed both the complaint and the amended complaint on the ground that they each failed to state a cause of action upon which relief could be granted against the individual defendants. The complaints were defective in a number of respects. They neither set forth how nor when plaintiffs acquired any interest in the installment land contracts as required under the statute. (Ill. Rev. Stat. 1959, chap. 110, par. 22.) They failed to make a proper tender of sums due under the contracts. (See *Callaghan* v. *Miller,* 17 Ill.2d 595; *Zeta Building Corp.* v. *Garst,* 408 Ill. 519.) They did not allege that plaintiffs were willing to perform the contract provisions calling for future installment payments. (See *Kellogg* v. *Kartte,* 323 Ill. 443.) They made no allegations to relieve plaintiffs from default in annual installment payments to Lynwood. (See *Boardman* v. *Bubert,* 325 Ill. 38; *Mix* v. *Balduc,* 78 Ill. 215.) We conclude that the court properly dismissed the complaint.

Plaintiffs also complain that they were denied leave to file a second amended complaint. A motion to amend pleadings is addressed to the sound discretion of the trial court. Here, the amended complaint contained the same defects

as the original complaint. Since it did not cure the defects, the trial court could reasonably conclude that plaintiffs were either unable or unwilling to correct them. Furthermore, the record gives no indication of the contents of their proposed further amendment for the enlightenment of the court. We will not review the alleged abuse of discretion by the trial court where there is no means of determining whether the amendments, if made, would be proper and sufficient. *Lowrey* v. *Malkowski,* 20 Ill.2d 280; *Old Salem Chautauqua Ass'n* v. *Assembly of God,* 13 Ill.2d 258.

The decree of the circuit court of Du Page County is affirmed.

*Decree affirmed.*