400 F.2d 393
 Belva LESTER, Administratrix of the Estate of McCllan
Lester, Deceased, Plaintiff-Appellant,
v.
JOHN R. JURGENSEN COMPANY, ROY McGovney, d/b/a Roy McGovney
Construction Company, Vest and Bartell, Inc., and
James Treber Osman, Defendants-Appellees.
 No. 18237.
 United States Court of Appeals Sixth Circuit.
 Sept. 19, 1968.
 
 Andrew B. Dennison, Cincinnati, Ohio, White, Getgey & Dennison, Cincinnati, Ohio, on brief, for appellant.
 Robert C. McIntosh, Cincinnati, Ohio, McIntosh & McIntosh, Cincinnati, Ohio, on brief, for McGovney, Vest & Bartell and Osman.
 David P. Faulkner, Cincinnati, Ohio, Benjamin, Faulkner & Tepe, R. Edward Tepe, Cincinnati, Ohio, on brief, for Jurgensen.
 Before WEICK, Chief Judge, and O'SULLIVAN and CELEBREZZE, Circuit Judges.
 CELEBREZZE, Circuit Judge.
 
 
 1
 This diversity action presents the question: Under Ohio law, when can a passenger in an automobile be charged with the negligence of the driver? Plaintiff-Appellant, the administratrix of the deceased passenger's estate, brought suit in the United States District Court for the Southern District of Ohio, which entered a judgment on a jury verdict for the Defendants-Appellees. Because of prejudicial error in the Court's charge to the jury, we reverse the judgment of the District Court and remand the case for a new trial.
 
 
 2
 McCllan Lester, the deceased, died from injuries received when the car in which he was riding crashed into the rear of a dump truck that was owned by Defendant McGovney and was being driven by his employee, Defendant Osman. At the point of the collision, Highway 52 was under construction. Although the traveled portion of the highway was complete, the berm area was being repaired and widened. Defendant Jurgensen Company was the prime contractor for the highway improvement, but the particular work being done at the place of the accident had been subcontracted to a joint venture composed of Defendants Vest and Bartell, Inc., and Roy McGovney.[1] Defendant Osman was operating within the scope of his employment at the time of the accident.
 
 
 3
 This was an unusually complex personal injury case; but, in view of its disposition, we do not need to outline the facts in any great detail. McCllan Lester was traveling with William Blair. He and Blair, both residents of Virginia, had been to Cincinnati to visit members of their respective families and were on the return trip to Virginia when the collision occurred. The time was approximately 4:00 p.m.; the two-lane highway was straight and level, and the visibility was relatively unobstructed. Two 'Please Men Working' signs, one facing east and the other west, had been placed 600 feet apart to warn oncoming traffic of the construction work. James Osman and a fellow workman had removed the sign facing west. Osman then proceeded up the eastbound lane and stopped the dump truck in the lane of traffic while the other workman removed the sign facing east. Blair testified that he was traveling at about 55-60 miles per hour in the eastbound lane behind another car and that he saw the parked truck for the first time when the car in front of him suddenly pulled into the left lane to pass the truck. When he pulled into the left lane, however, Blair said that he was an approaching car, pulled back into the eastbound lane and applied his brakes, but could not stop in time.
 
 
 4
 Of the three assignments of error, the first two, concerning whether violation of Ohio Revised Code 4511.66 is negligence per se, can be disposed of shortly. Although no Ohio court has yet ruled on the point, we consider the District Court's refusal to charge on negligence per se a correct application of Ohio law. Section 4511.66 provides:
 
 
 5
 '* * * no person shall stop * * * upon the paved or main traveled part of the highway if it is practicable to stop * * * off the paved or main traveled part of said highway.' It is settled law in Ohio that when a statute expresses a rule of conduct in general or abstract terms negligence per se has no application and that in such a case liability is determined by the usual test of reasonable care. Eisenhuth v. Moneyhon, 161 Ohio St. 367, 119 N.E.2d 440 (1954). In a clear analysis of the Ohio law, the District Court interpreted the qualifying term 'practicable' as equivalent to reasonable. Given that meaning for 'practicable,' the statute merely proscribes parking on the 'main traveled part of the highway' when so parking would be unreasonable. Therefore, the Court properly refused a negligence per se charge; and since the evidence concerning the reasonableness of parking on the highway was in conflict, the Court properly refused to take the issue of the Defendants' negligence from the jury.
 
 
 6
 The third assignment of error, concerning the Court's charge on the Ohio law of imputed negligence, however, requires a reversal. On the evidence presented and the law as charged by the District Court, the general verdict for the Defendants could have been reached by any one of several routes. The jury could have found: (1) that the Defendants were not negligent; (2) that the Defendants were negligent but that Blair's negligence was the sole proximate cause of the accident; or (3) that the Defendants' negligence was a proximate cause of the accident but (a) the deceased was contributorily negligent or (b) Blair was contributorily negligent and his negligence was imputable to the deceased. Which alternative approach was the basis of the jury's verdict cannot now be determined; and since the case is to be retried, we will not comment on the evidence or speculate as to the reasoning by which the jury reached its verdict.
 
 
 7
 Although Rules 51 and 61, Federal Rules of Civil Procedure, state the standard for determining reversible error in a federal district court's charge to the jury, when a state created right is being asserted, the state law must be consulted for the substance of the instructions. Lones v. Detroit, Toledo and Ironton Railroad Company, 398 F.2d 914 (6th Cir. 1968); Lind v. Aetna Casualty and Surety Company, 374 F.2d 377 (5th Cir. 1967). In Ohio, the negligence of a driver of a vehicle can be imputed to his passenger only if it can be shown that the two were engaged in a joint enterprise of such a nature that the passenger has a right to control the acts of the driver in his operation of the vehicle. Bloom v. Leech, 120 Ohio St. 239, 166 N.E. 137 (1929); Parton v. Weilnau, 169 Ohio St. 145, 158 N.E.2d 719, 729-735 (1959). A rebuttable presumption of such control arises when the passenger is the owner of the vehicle. Ross v. Burgan,163 Ohio St. 211, 126 N.E.2d 592, 50 A.L.R.2d 1275 (1955); Dietz v. Chandler, 56 N.E.2d 937 (Ohio App. 1943). But in all other cases such control will not be lightly inferred; and as noted in Parton v. Weilnau, 169 Ohio St. 145, 158 N.E.2d 719 (1959), the person alleging joint enterprise for the purpose of imputing negligence has a heavy burden of proof since the courts do not favor the doctrine. It is not sufficient that the driver and passenger are fellow employees,[2] Parton v. Weilnau, supra, or that they have a common destination or objective in making the trip, Casper v. Higgins, 54 Ohio App. 21, 6 N.E.2d 3 (1935), or that the passenger has paid a share of the cost of the trip. Elfers v. Bright, 108 Ohio App. 495, 162 N.E.2d 535 (1958). Nor is it sufficient that the driver would grant any reasonable request of the passenger in routing the trip. Cf. Oswell v. Smoyer, 138 N.E.2d 168, 169 (Ohio App. 1952). In cases concerning a driver and his passenger, the essential element for the imputation of negligence in Ohio is that the passenger have a right or responsibility to control the actions of the driver in his operation of the vehicle. New York, Chicago & St. Louis Railroad Company v. Kistler, 66 Ohio St. 326, 64 N.E. 130 (1902); compare Toledo Railways & Light Co. v. Mayers, 93 Ohio St. 304, 112 N.E. 1014 (1916); and Parton v. Weilnau, 169 Ohio St. 145, 158 N.E.2d 719 (1959).
 
 
 8
 In charging the jury on imputed negligence, the District Court properly charged that to find a joint venture for the purpose of imputing the negligence of the driver to the passenger the evidence must show '* * * that each (had) authority, either express or implied, to control the actions or the means of accomplishing the joint purpose.' But in explaining how the legal concept of control could be manifested by the factual evidence, the Court charged:
 
 
 9
 'If you find that Mr. Lester paid the gas for the trip involved and that he and Mr. Blair had a common destination in mind and each had the right to determine and change the route from time to time by mutual agreement and if you find that the trip was made for a common purpose, then you may find that Mr. Blair and Mr. Lester were involved in a joint venture.'
 
 
 10
 Yet, as the previously cited Ohio cases show, none of the elements outlined by the District Court, either alone or together, is sufficient to establish a joint enterprise for the purpose of imputing the negligence of the driver to the passenger, because the essential element of the right to control the operation of the automobile was omitted. In our opinion the prior abstract statement of the proper rule could not overcome the erroneous statement of concrete examples of findings of fact that would establish a joint enterprise. Lay jurymen, unfamiliar with the legal meaning of control, are likely to be more influenced by a statement of concrete examples from the evidence in the case than by a bare statement of abstract legal principles.[3]
 
 
 11
 We must reverse the judgment and remand the case for a new trial.
 
 
 12
 Reversed and remanded.
 
 
 
 [1]
 Although ordinarily the prime contractor would not be liable for the torts of the subcontractor, the District Court held that '* * * the improvement of a public highway, in a traffic-maintained condition involves inherent dangers to the public which the principal contractor Jurgensen was not relieved of by its subcontract. * * *' That holding was not appealed
 
 
 [2]
 Lacey v. Heisey, 53 Ohio App. 451, 5 N.E.2d 699 (1936), can no longer be considered good law in view of the decision in Parton
 
 
 [3]
 In view of the disposition of the case, it is unnecessary for us to determine whether the evidence justified a charge on imputed negligence at all. Since upon retrial further evidence might be developed, our gratuitous comments on the evidence in this case would serve no purpose