MARILYN HASSIEPEN et al., Plaintiffs-Appellants, v. JOHN C. MARCIN, City Clerk of the City of Chicago, et al., Defendants-Appellees.

(No. 59199; ▮▮▮)

First District (5th Division)—September 13, 1974.

Morton Siegel, of Chicago (Allan Goldberg, of counsel), for appellant.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Dennis James Stolfo, Assistant Corporation Counsel, of counsel), for appellee John C. Marcin.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an action brought pursuant to the Liquor Control Act (Ill. Rev. Stat. 1971, ch. 43, par. 182) to contest the validity of a "local option" election. Plaintiffs sought to enjoin defendants, the city clerk of Chicago and the Board of Election Commissioners, from filing with the Secretary of State the report of the election. After the close of arguments on defendant Marcin's motion to strike and dismiss, plaintiffs moved to amend their complaint. Plaintiffs' motion was denied, and they appeal contending that the court below erred in that the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46) requires the application of the greatest latitude in allowing amendments to pleadings.

On November 7, 1972, a "local option" election was conducted in the 7th Precinct of the 8th Ward of the City of Chicago. The election resulted in the adoption of a proposition prohibiting the purchase of alcoholic beverages for consumption on the premises in the precinct. Plaintiffs sought to enjoin defendants from filing a report of the election with the

Secretary of State. Their complaint alleged, *inter alia,* certain improprieties in the method in which petitions requesting placement of the proposition on the ballot were circulated and in which the election was conducted, and that portions of the Liquor Control Act were unconstitutional in that the procedures provided for the conduct of "local option" elections differ according to the size of the community. Defendant Marcin responded by filing a motion to strike and dismiss. The trial court held a hearing on this motion. During the course of their argument plaintiffs, over defense objections, raised a second constitutional challenge, one not raised in their complaint, to the "local option" statute. (Ill. Rev. Stat. 1971, ch. 43, par. 167.) They claimed that the statute does not provide "for any notice to the [tavern owners] who are located in these geographic areas * * * so that they would have the opportunity to be apprised of the fact that petitions are indeed being circulated which could put them out of business and affect their inventories and business livelihood." The trial court ruled that this matter was not raised in the complaint, denied plaintiffs' motion to amend and entered judgment in favor of defendants.

OPINION

The sole contention raised by plaintiffs is that the court below abused its discretion in denying them leave to amend their complaint.

■■■ Section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46(1)) states:

> "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who sought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand."

We have consistently held that this section is to be liberally construed in favor of allowing the amendment of pleadings. (See, *e.g., Cain v. New York Central R.R. Co.,* 35 Ill.App.2d 333, 182 N.E.2d 910; *Birchfield v. Wabash-Monroe Garage & Parking Corp.,* 113 Ill.App.2d 178, 252 N.E.2d 89.) However, notwithstanding this liberal policy, it is well settled that parties do not have an absolute right to amend. (*Hastings v. Abernathy Taxi Association, Inc.,* 16 Ill.App.3d 671, 306 N.E.2d 498; *Ennis v. Illinois State Bank,* 111 Ill.App.2d 71, 248 N.E.2d 534.) Rather, the allowance of an amendment to pleadings rests in the sound discretion of the trial judge (*Macie v. Clark Equipment Co.,* 8 Ill.App.3d 613, 290 N.E.2d 912)

and, before "a trial judge can be deemed to have abused his discretion, the record must disclose that reasons or facts were presented to the trial judge as a basis for requesting the favorable exercise of the trial judge's discretion." (*Stevenson v. Maston*, 107 Ill.App.2d 65, 70, 246 N.E.2d 38.) Thus, a party desiring to file an amended pleading should make it part of the record on appeal. If this is not done, a court of review is not in a position to say that justice would be served by granting leave to amend. In such instances it can be presumed that a plaintiff's second attempt to state a cause of action would be no more successful than his first. See *Chicago Title & Trust Co. v. National Bank*, 17 Ill.App.3d 721, 307 N.E.2d 656; *Atlee Electric Co. v. Johnson Construction Co.*, 14 Ill.App.3d 716, 303 N.E.2d 192; and *Zamouski v. Gerrard*, 1 Ill.App.3d 890, 275 N.E.2d 429.

■■ In the case at bar plaintiffs moved to amend their complaint at the close of all arguments. The basis of their request was, at best, vague. They asserted that tavern owners are entitled to notice of the fact that a "local option" election might be held. Plaintiffs neither explained the mechanics of how this notice is to be provided nor indicated upon whom this duty is to fall. We note that this matter is not even remotely related to the issues plaintiffs placed before the court in the complaint. They failed to submit a proposed amendment to the trial court either during the course of the hearing on defendants' motion or in their post-trial motion. On the basis of the record before us we find that there did not exist sufficient "reasons or facts" (*Stevenson*, at 70) to require the trial court to act favorably on their request, and therefore the denial of plaintiffs' motion to amend did not constitute an abuse of discretion. The judgment is affirmed.

Affirmed.

BARRETT and LORENZ, JJ., concur.