MARIAN A. CAMPANELLA, Plaintiff-Appellant, *v.* EDWARD ZAJIC, Defendant-Appellee.

Second District   No. 77-276

Opinion filed August 8, 1978.

John M. Cregor, Jr., of DeFrees & Fiske, of Chicago, for appellant.

Robert E. Dyer, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Marian A. Campanella, brought this action in the Circuit Court of Du Page County against defendant, Edward Zajic, for personal injuries sustained by her in an automobile accident. The case was tried before a jury and resulted in a verdict and judgment in favor of defendant from which plaintiff appeals.

The evidence is that at about 7 a.m. on August 20, 1973, plaintiff was riding as a passenger in an automobile owned and being driven by her husband, James J. Campanella. She and her husband were *en route* from their home in Lombard, Illinois, to a nearby train station where they intended to board a commuter train for transportation to their respective places of employment in Chicago. Although plaintiff and her husband worked in the same building, they were separately employed; plaintiff in a retail store and her husband in his own business. At the intersection of Butterfield Road and Lloyd Avenue in Lombard the car in which plaintiff was riding collided with one being driven by defendant and plaintiff sustained personal injuries.

The trial court ruled, as a matter of law, that plaintiff and her husband were engaged in a joint enterprise at the time of the collision and instructed the jury that any negligence on the part of the driver, Mr. Campanella, would be imputed to the plaintiff and bar her recovery of damages from defendant. The jury responded affirmatively to a special interrogatory directed to whether Mr. Campanella was negligent at the time of the collision and returned its verdict in favor of defendant.

Plaintiff contends the trial court erred when it determined she and her husband were engaged in a joint enterprise and erroneously instructed the jury that any negligence on his part must be imputed to her. We agree.

■■■ The general rule is that negligence of a driver of an automobile may not be imputed to his passenger. Recognized exceptions to the rule are seen where the relationship of respondeat superior between driver and passenger is present or the driver and passenger are engaged in a joint enterprise. (*Staken v. Shanle* (1959), 23 Ill. App. 2d 269, 277, 162 N.E.2d 604, 608; *Summers v. Summers* (1968), 40 Ill. 2d 338, 343, 239 N.E.2d 795, 799.) To establish the existence of a joint enterprise of a nature which would cause negligence of the driver to be chargeable to his passenger it is necessary that the evidence show that the automobile they occupied was being used as a part of a common *business* enterprise and the occupants were mutually engaged in the trip itself as a part of such enterprise. (*Smith v. Bishop* (1965), 32 Ill. 2d 380, 385, 205 N.E.2d 461, 464; *Grubb v. Illinois Terminal Co.* (1937), 366 Ill. 330, 339, 8 N.E.2d 934, 938; *Babington v. Bogdanovic* (1972), 7 Ill. App. 3d 593, 288 N.E.2d 40; *Bridgewater v. Wagoner* (1960), 28 Ill. App. 2d 201, 208, 170 N.E.2d 785, 788-89.) This requirement is, of course, not affected by the fact that the driver and passenger of a vehicle may share the relation of husband and wife which of itself cannot require that the negligence of one be imputed to the other. See *Wonaitis v. Kustak* (1974), 18 Ill. App. 3d 17, 309 N.E.2d 300.

Defendant argues that the automobile in this case was being used as a part of a common business enterprise and the occupants were mutually interested in the trip itself as a part of such enterprise because plaintiff and

her husband were en route to work where they would each earn funds which would be applied towards the payment of their family expenses.

The Illinois cases which come the closest to being on point with that before us appear to be *Fisher v. Johnson* (1925), 238 Ill. App. 25, and *Bridgewater v. Wagoner* (2d Dist. 1960), 28 Ill. App. 2d 201, 170 N.E.2d 785. In *Fisher* the plaintiff-passenger and the driver of the car in which he was riding took turns driving their respective cars back and forth to the plant where they were both employed and it was contended that any negligence on the part of the driver in causing the collision in which they were involved should have been imputed to plaintiff on a joint enterprise theory. The court held the relationship could not be regarded as a joint enterprise, stating:

> "To be sure it was one for their mutual accommodation, a day to day affair, but it involved no common financial interest, no partnership, no relation of master and servant, or principal and agent, and no right of either to direct or control the other in the management of his car. The parties being neighbors and social friends, engaged at the same place of business, evidently regarded it unnecessary because of such relations to drive two automobiles to their place of business and leave them there all day unused, when one would suffice, and the other could be left for the use of the owner's family. Such a scheme of mutual accommodation did not clothe the arrangement with any characteristic of a joint enterprise, to which the doctrine of imputable negligence may be applied." (*Fisher*, at 30.)

In *Bridgewater* the plaintiff and two others took turns driving their respective vehicles to and from their common place of employment. On the day they were involved in a collision with the defendant, plaintiff was riding as a passenger and it was contended by defendant that any negligence on the part of the driver of the automobile in which he was riding should have been imputed to him. The court held that there was no evidence that plaintiff and his driver were engaged in a joint enterprise, quoting with approval the above language from *Fisher* and adding:

> "See also Restatement of the Law of Torts, Sec. 491, which contains the following illustration:
>
> > '1. A and B are partners in a business carried on in the City of X. They live in adjacent houses in a suburb of X. The partners drive to town one day in A's car, another day in B's car. In neither case is the drive to their office in X a joint enterprise of A and B.' " *Bridgewater*, 28 Ill. App. 2d 201, 207, 170 N.E.2d 785, 788.

In *Clemens v. O'Brien* (1964), 85 N.J. Super. 404, 204 A.2d 895, and *Stam v. Cannon* (Iowa 1970), 176 N.W.2d 794, facts very similar to those

in the instant case were present. In *Clemens* the husband-driver and his wife were involved in a collision with defendant on their way to the husband's place of employment where he would be dropped off with the wife to then continue to her separate place of employment. This was a part of their daily routine. The court stated that "[t]he law of joint adventure or joint venture is not soundly applicable to raise a mutual agency between persons making a trip for mutual social purposes, since a joint adventure is by definition an association for commercial or profit-making purposes, not social purposes" (*Clemens*, 85 N.J. Super. 404, 414, 204 A.2d 895, 900), and held that a true joint enterpise could not be found on the facts before it. In *Stam*, the husband and wife had separate employers but their places of employment were located very near each other. The wife-driver and her passenger-husband, the plaintiff, were on their way to work when they collided with defendant who contended that the jury should have been instructed on the issue of joint enterprise. The court held that although plaintiff and his wife each had a pecuniary objective in traveling to their respective jobs it was not the type of common pecuniary or business interest required to establish a joint enterprise under which negligence of one would be imputed to the other.

■■ We find the logic of these cases persuasive when applied to the facts before us. "The [joint venture] doctrine must be applied, not in a vacuum, but with common sense and logic to a specific factual situation." (*Babington v. Bogdanovic* (1972), 7 Ill. App. 3d 593, 598, 288 N.E.2d 40, 43.) The mere fact that a husband and wife share a ride to their separate places of employment and later comingle the funds they separately earn for family use does not supply the common *business* enterprise element necessary under the doctrine.

We hold that a joint enterprise was not present in this case and the error of the trial court in finding that one did exist and instructing the jury that any negligence on the part of her husband would bar plaintiff's recovery requires reversal.[1] Accordingly this cause is reversed and remanded for a new trial in accordance with the views expressed herein.

Reversed and remanded.

GUILD and RECHENMACHER, JJ., concur.

---

[1] We note that had we found the issue of joint enterprise to be a fact question for determination by the jury in this case consideration would then necessarily have been given to Illinois Pattern Jury Instructions, Civil, No. 72.04 (2d ed. 1971), as it relates to that issue. That instruction is not in accord with the law pertaining to the doctrine of imputed negligence as it requires only a finding of a "community of interest" on the part of a driver and passenger rather than the common business enterprise discussed in the reported cases.