ALDO E. BOTTI, Plaintiff-Appellant, *v.* AVENUE BANK AND TRUST COMPANY OF OAK PARK, Trustee, *et al.*, Defendants-Appellees.

Second District    No. 81-421

Opinion filed February 19, 1982.

Aldo E. Botti, *pro se*, and John N. Pieper and Marcia N. Johnson, all of Botti, Marinaccio and Wilkinson, of Wheaton, for appellant.

Anthony C. Valiulis and Michael B. Hyman, both of Much, Shelist, Freed, Denenberg, Ament & Eiger, and McNeill, McElroy, Fick & Singer, both of Chicago, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Aldo E. Botti, plaintiff, a prospective purchaser of land held in a land trust, sued the Avenue Bank and Trust Company of Oak Park, as trustee, the trust beneficiary Ruth Stewart, Edward Van De Houten, Jr., the purchaser under a contract entered into prior to the Botti contract, and Clyde Building Corporation, who purchased from Van De Houten. Tortious interference with contract, conspiracy and breach of contract were charged in the complaint. The complaint was dismissed for failure to state a cause of action. (Ill. Rev. Stat. 1979, ch. 110, par. 45.) Botti was denied leave to amend, and he appeals.

Essentially, Botti argues that a cause of action was stated, based on the allegations that the Van De Houten agreement became null and void

for failure of Van De Houten to perform according to its terms; that the waiver of these conditions was a breach of the Botti contract; and that the sale to Van De Houten and his conveyance to Clyde therefore amounted to a tortious interference with Botti's contractual rights. We cannot agree.

The following well-pleaded facts must be taken as true (see *Gravitt v. Jennings* (1979), 79 Ill. App. 3d 286, 288) for the purpose of ruling on the section 45 motion. The Van De Houten agreement, dated December 15, 1978, contained the conditions:

"2. That Purchaser is able to secure a mortgage of $1,000,000 within 120 days from the date of this contract with an interest rate not to exceed 1% above the then established prime rate of the 1st National Bank of Chicago * * *; purchaser shall have waived the condition of acceptable financing unless within 120 days from the date of the contract he states that he is unable to arrange such financing. Seller shall have an additional 145 days to arrange said financing for Purchaser * * *.

3.                                 * * *

Purchaser shall not cause or allow any mechanic's lien claim to be placed on the subject premises, * * *.

* * *

5. If any of the conditions in Paragraphs 1, 2, 3 and 4 of this Rider cannot be met, then this Contract shall be null and void without any further action of any party and each party shall be released from any obligation to the other party, and all monies paid by the Purchaser shall be returned to the Purchaser, except those monies spent pursuant to Paragraph 1 of this Rider."

The Botti agreement was entered into on December 28, 1978, and provided, as pertinent:

"WHEREAS, SELLER has entered into a real estate sales contract dated December 15, 1978, with EDWARD D. VAN DE HOUTEN, JR., a copy of which is attached hereto * * *.

· NOW, THEREFORE, the parties agree as follows:

1.) PURCHASER agrees to buy and SELLER agrees to sell the property described in the previous agreement pursuant to the terms and conditions of said previous agreement, including the attached Riders and Exhibits, except as modified herein, upon the termination of the previous agreement by those parties to the previous agreement. * * *."

There is a further allegation that on or about July 7, 1980, the defendant Ruth Stewart, beneficiary of the land trust, personally requested that Botti grant Van De Houten an extension of time to obtain financing and that plaintiff, who had on June 1, 1980, denied a similar request by Van De

Houten denied the beneficiary's request. There are further allegations that the trustee and Van De Houten finally completed the sale by deed dated December 1, 1979; and that immediately thereafter, Van De Houten sold the property to Clyde Building Corporation by deed dated July 8, 1980.

The Botti agreement plainly provides that plaintiff's right to purchase could arise only upon the termination of the Van De Houten agreement by the parties to that agreement. The complaint, however, does not allege that the parties terminated that agreement, and in essence admits that the trustee in the Van De Houten agreement performed pursuant to the agreement by the sale under which the trustee's deed was issued.

██ While plaintiff does allege the legal conclusion that the Van De Houten agreement was terminated by the latter's various breaches rendering it null and void, the allegations are simply contrary to law. It is settled that the parties to a contract may waive any provisions in the contract and that such waiver can be demonstrated by "conduct indicating that strict compliance with the provisions of a contract will not be required." (*Lempera v. Karner* (1979), 79 Ill. App. 3d 221, 223; *Kitsos v. Terry's Chrysler-Plymouth, Inc.* (1979), 70 Ill. App. 3d 728, 731.) This is so even where the contract provides that the agreement shall be "null and void" if certain conditions are not met. (*Lempera v. Karner* (1979), 79 Ill. App. 3d 221, 222.) Furthermore, the financing provision of the Van De Houten agreement expressly provides that "purchaser shall have waived the condition of acceptable financing unless within 120 days from the date of the contract he states that he is unable to arrange such financing * * *." Therefore, both because the complaint did not allege that the Van De Houten contract was terminated and because plaintiff cannot allege termination based solely on any breaches by Van De Houten because the agreement contemplates waiver, no cause of action is stated.

Botti argues for the first time in his reply brief that the trustee had no right to waive the provisions of the Van De Houten agreement. He asserts that under the "prevention" doctrine (*Foreman State Trust & Savings Bank v. Tauber* (1932), 348 Ill. 280), the termination of the Van De Houten agreement was a "condition precedent" to the trustee's obligations under the Botti agreement and that the trustee, by refusing to terminate the Van De Houten agreement, wrongfully prevented the condition precedent from occurring. However, *Foreman* provides that one cannot take advantage of his own wrongful conduct to prevent the fulfillment of a condition to defeat his liability under the contract. (348 Ill. 280, 286.) The complaint alleges nothing "wrongful" about the trustee's failure to terminate the Van De Houten agreement. As previously noted the waiver of the provisions in the Van De Houten agreement could not be considered wrongful since the parties had the right to waive such conditions and perform the contract. *Shear v. National Rifle Association of America*

(D.C. Cir. 1979), 606 F.2d 1251, 1256, relied upon by Botti, actually supports the argument that the "prevention doctrine" does not apply when the contract, in effect, authorizes "prevention."

■■ The Botti agreement was simply a fallback agreement which would not give rise to a contract of sale unless and until the Van De Houten agreement was terminated. Since it is not alleged or shown that the Van De Houten agreement had been terminated but was, in fact, performed, the trial court's determination that the complaint was legally insufficient was proper.

Botti places some reliance on the fact that his consent was sought for extensions of time for performance under the Van De Houten agreement. However, where the contract is unambiguous, as here, the intention of the parties is clear from the document's four corners and the trial court may resolve the issue pursuant to a section 45 motion. *Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 974.

Plaintiff also argues that the trial court abused its discretion in denying the oral motion for leave to amend the complaint to allege "additional facts." Again, we do not agree. The trial court does not abuse its discretion in refusing leave to amend where, as here, no amendment is presented with the motion and the trial court is given no particular indication of the contents of the proposed amendment. (*Old Salem Chautauqua Association v. Illinois District Council, Assembly of God* (1958), 13 Ill. 2d 258, 266-67; *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 436.) In any case none of the proposed amendments suggested in plaintiff's brief and in oral argument could revive his complaint as all of the additional facts suggested are still bottomed on what we have found to be a legally erroneous theory.

The judgment of the trial court is affirmed.

Affirmed.

REINHARD and NASH, JJ., concur.