CATHY MARTINO *et al.*, Plaintiffs-Appellants, v. CLAUDIO LEIVA *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 84—2491, 84—2543 cons.

Opinion filed May 22, 1985.

Rothenberg & Levine, of Chicago (Allan G. Levine, of counsel), for appellants.

Barry Kroll, of Jacobs, Williams & Montgomery, of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs Cathy and Dominic Martino brought this action against defendants Claudio and Juan Leiva and Ulises Castro for injuries sustained by Cathy Martino in an automobile accident. One automobile in the accident was operated by Cathy Martino. The other automobile, owned by Claudio Leiva, was driven by his 16-year-old son, Juan.

Ulises Castro, also 16 years old, was a passenger in the Leiva vehicle. Plaintiffs settled their suit against the Leivas and dismissed them as parties. Thereafter, the trial court granted summary judgment in favor of Castro. In so holding, the trial court found that the passenger had no duty to supervise the operator of the motor vehicle. Plaintiffs appeal.

On August 5, 1982, Cathy Martino was traveling east on Addison Street in Chicago. Juan was going west on Addison Street when his automobile crossed the center line and collided with the Martino automobile.

From the pleadings and depositions, the following undisputed facts emerge. Juan was operating his father's automobile under a learner's permit. Claudio had given Juan permission to use the automobile with the understanding between them that Castro, who had a driver's license, would accompany Juan. This understanding was never communicated to Castro, who had obtained his driver's license one month before the accident. While Castro knew that Juan had a learner's permit, they had no conversation or agreements as to whether Castro would instruct Juan in his driving, nor did Castro do so. Prior to this time, Castro had never ridden in an automobile driven by Juan.

At the time of the accident, the two boys were going to the store. Castro, who was seated in the front seat, listened to the radio, looked out the window, and talked to Juan.

Plaintiffs contend that the trial court erred in granting summary judgment in favor of Castro because Castro had the duty to control Juan's driving. We do not agree.

■ A passenger is not liable for the negligent acts of the driver of an automobile unless the passenger is the owner of the automobile or possesses the right to control the driving of it. (*Palmer v. Miller* (1942), 380 Ill. 256, 43 N.E.2d 973.) Unless a special relationship exists between the driver and the passenger, there is no duty imposed upon the passenger to prevent the driver from causing physical harm to another. (See Restatement (Second) of Torts sec. 315 (1965); *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573, 406 N.E.2d 19.) Persons will not be held to duties beyond those required by the common law unless they have voluntarily assumed such duties. *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769.

Here, Castro was just an ordinary passenger in the Leiva automobile. He was not the possessor of the vehicle, and he had no right to decide whether Juan would operate the automobile. That decision was made by the Leivas. Castro had no right whatsoever to control the

operation of the automobile. He was not instructing or training Juan; he had not been asked to supervise Juan; and he did not undertake to do so.

The line of cases on which plaintiffs rely for the proposition that the passenger has a duty to control the operator's driving is clearly distinguishable. In each case, the passenger was a plaintiff seeking recovery for his own injuries. (See *Bauer v. Johnson* (1980), 79 Ill. 2d 324, 403 N.E.2d 237; *Bunch v. Rose* (1973), 10 Ill. App. 3d 198, 293 N.E.2d 8; *Coakley v. Nichols* (1972), 8 Ill. App. 3d 973, 290 N.E.2d 315.) A plaintiff must exercise ordinary care for his own safety, but the duty to control another's conduct to prevent injury to a third party must be based upon a special relationship.

Plaintiffs contend, however, that pursuant to Illinois statute a special relationship exists between a person driving with a learner's permit and the accompanying passenger with a driver's license. The statute provides in relevant part:

> "[T]he minor shall be restricted to the operation of a motor vehicle only when accompanied by a person who has a license classification to operate such vehicle and at least one year of driving experience and who is occupying a seat beside the driver." Ill. Rev. Stat. 1981, ch. 95½, par. 6—105(b).

■ The statute, which is directed at the operator, neither explicitly or implicitly suggests that whenever an operator with a learner's permit operates a motor vehicle on the streets, any ordinary licensed passenger in the front seat is obliged to instruct the operator and thereby have control of the vehicle. Merely riding in an automobile with a person who is not legally entitled to drive will not create a duty to control or even prohibit the driver's operation of the automobile to protect third parties. (*Fugate v. Galvin* (1980), 84 Ill. App. 3d 573, 406 N.E.2d 19.) And even if it could be assumed that the statute in question confers such a duty on a licensed passenger, it could not be imposed here since Castro did not have the required one year's driving experience. The undisputed facts reveal that Castro did not undertake to control the driving nor could he do so. The trial court properly granted summary judgment in favor of Castro.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.