173 Ill. App.3d 836 (1988)
528 N.E.2d 5
LIZZIE BAKER et al., Plaintiffs-Appellants,
v.
RICHARD WALKER, Defendant-Appellee.
No. 87-2962.
Illinois Appellate Court  First District (2nd Division).
Opinion filed August 16, 1988.
*837 Sam Cuba, of Jeffrey D. Schultz, Ltd., of Chicago (David A. Novoselsky, Kathleen M. Krist, and David A. Novoselsky & Associates, of counsel), for appellants.
Marsha Kay Ross and Michael R. Orlando, both of Haskell & Perrin, of Chicago, for appellee.
Order affirmed.
PRESIDING JUSTICE HARTMAN delivered the opinion of the court:
Plaintiffs appeal from a circuit court order dismissing their complaint with prejudice. We are asked to determine whether the circuit court erred in: (1) dismissing plaintiffs' complaint for failure to state a cause of action; and (2) denying plaintiffs' motion to amend their complaint.
On March 29, 1984, an automobile driven by Clarita Pagal struck plaintiff Lizzie Baker as she stood in a bus shelter at the southeast corner of Western Avenue and 35th Street in Chicago, Illinois. In a complaint filed March 27, 1986, Lizzie Baker and coplaintiff Tom Baker alleged that, on the day of the accident, Pagal was proceeding south on Western Ave. when, at or near the intersection of 35th Street, Pagal's car collided with a truck owned by Prime, Inc., and driven by Merle Dee Matts, a Prime employee, who was not made a defendant in this case and from whom no relief is sought. The collision then caused Pagal's car to hit Lizzie Baker.
Plaintiffs further asserted: (1) defendant Richard Walker, also a Prime employee acting in the scope of his employment, accompanied Matts that day in the truck; (2) Prime, by and through Walker, and Walker, individually, "had the duty, in the maintenance and operation * * * of said vehicle, to exercise all due care and caution to avoid injury to persons lawfully upon the thoroughfare, including [Lizzie Baker]"; and (3) Prime, by and through Walker, and Walker, individually, breached this duty "in one or more of the following ways":
"a. Carelessly and negligently failed to warn the driver of the truck as to the presence of another car which was in his sight but not visible to the driver of the vehicle owned by [Prime].
b. Carelessly and negligently was trained in the methods of *838 safety available by a passenger to a driver of a vehicle;
c. Carelessly and negligently failed to maintain a proper and sufficient lookout for other vehicles that were in the driver's `blind spot' or not noticed by said driver especially the vehicle driven by [Pagal];
d. Carelessly and negligently aided in the operation of said motor vehicle so that Defendant [sic] [Pagal] was caused to strike the Plaintiff, LIZZIE BAKER;
e. Otherwise carelessly, negligently and improperly rode and acted as lookout of said motor vehicle."
The resulting accident, plaintiffs continued, caused Lizzie Baker "external and internal" injuries. Plaintiffs sought damages for those injuries and for loss of consortium.
On March 16, 1987, Walker moved to dismiss plaintiffs' action with prejudice pursuant to section 2-615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2-615), arguing that plaintiffs failed to allege facts establishing any duty owed by Walker to Lizzie Baker. A response and reply thereto followed and after a hearing on August 18, 1987, the circuit court dismissed plaintiffs' action with prejudice. Plaintiffs appeal.

I
Plaintiffs maintain that they alleged sufficient facts to establish the existence of a joint venture between Walker and Matts, rendering the former liable for Matts' harmful acts which caused injury to third parties; therefore, the circuit court erred in dismissing this action.
 1 Generally, an automobile passenger is not liable for the negligent acts of the driver unless the passenger owns the automobile or a special relationship exists between them. (Martino v. Leiva (1985), 133 Ill. App.3d 1006, 1007, 479 N.E.2d 955; Fugate v. Galvin (1980), 84 Ill. App.3d 573, 574, 575, 406 N.E.2d 19.) The special relationship of a joint venture (Campanella v. Zajic (1978), 62 Ill. App.3d 886, 887, 379 N.E.2d 866; Bridgewater v. Wagoner (1960), 28 Ill. App.2d 201, 208, 170 N.E.2d 785) endows the association with the characteristics of a partnership (Prassas v. Nicholas W. Prassas & Co. (1981), 94 Ill. App.3d 311, 315, 418 N.E.2d 904), making each venturer an agent of the other.
 2 Citing Grubb v. Illinois Terminal Co. (1937), 366 Ill. 330, 339, 8 N.E.2d 934, plaintiffs suggest they need only show that Walker and Matts were engaged in a business enterprise, in which they shared a mutual interest, to establish a joint venture. (See also Smith v. Bishop (1965), 32 Ill.2d 380, 385, 205 N.E.2d 461; Galliher v. Holloway *839 (1985), 130 Ill. App.3d 628, 633, 474 N.E.2d 797; Fugate v. Galvin, 84 Ill. App.3d at 576; Campanella v. Zajic, 62 Ill. App.3d at 887; Babington v. Bogdanovic (1972), 7 Ill. App.3d 593, 598-99, 600, 288 N.E.2d 40.) Plaintiffs correctly portray the nature of a joint venture, but neglect other elements necessary to establish the relationship, namely: a community of interest in the business purpose; an expectation of profit and a concomitant duty to share all profits and losses; a shared proprietary interest in the subject matter of the venture; and the right of each venturer to direct and control the conduct of each other member of the enterprise. Pinkowski v. Coglay (7th Cir.1965), 347 F.2d 411, 413; Carroll v. Caldwell (1957), 12 Ill.2d 487, 496-97, 147 N.E.2d 69; Pros v. Mid-America Computer Corp. (1986), 142 Ill. App.3d 453, 467, 491 N.E.2d 851; Prassas v. Nicholas W. Prassas & Co., 94 Ill. App.3d at 315; Bridgewater v. Wagoner, 28 Ill. App.2d at 208.
Plaintiffs maintain the inferences reasonably derived from their complaint establish that: (1) Walker and Matts, as agents of Prime, pursued a "mutual business purpose" by driving together in a Prime-owned vehicle; (2) their agency status conferred on each man the right to control the truck; and (3) they fulfilled their employment duties in exchange for "profit," i.e., their wages. The complaint fails to demonstrate, however, a community of interest to accomplish anything other than their employer's instructions; any agreement to evenly divide profits and losses, assuming wages are "profits"; or any proprietary interest in the subject matter of the alleged joint venture, the truck. The mere fact that Walker may have possessed control over the vehicle, as asserted by plaintiffs, does not lead inexorably to the conclusion that Walker also maintained control over Matts. Coemployees possess no inherent right to direct the conduct of each other. (Andres v. Lauer (1980), 80 Ill. App.3d 411, 415, 399 N.E.2d 990.) The critical element of control of a fellow venturer clearly is absent here.
It has been posited in other jurisdictions that coemployees cannot be considered joint venturers absent the existence of an independent commercial agreement between them. (Kenney v. Lewis Revels Rare Coins, Inc. (11th Cir.1984), 741 F.2d 378, 382; Laird v. State Farm Insurance Co. (La. App. 1974), 290 So.2d 343, 348; Clough v. Schwartz (1946), 94 N.H. 138, 139-40, 48 A.2d 921, 922; Parton v. Weilnau (1959), 169 Ohio St. 145, 169, 158 N.E.2d 719, 735. See Restatement (Second) of Torts § 491, comment f, at 549 (1965); see also Andes v. Lauer, 80 Ill. App.3d at 415.) These authorities recognize that any characteristics of a joint venture in the coemployees' relationship *840 exist solely as a result of their employment and not as a consequence of any discrete engagement or understanding between them. Kenney v. Lewis Revels Rare Coins, Inc., 741 F.2d at 381-82; see also Babington v. Bogdanovic, 7 Ill. App.3d at 600.
Plaintiffs' reliance upon Lacey v. Heisey (1936), 53 Ohio App. 451, 5 N.E.2d 699, where the court found the existence of a joint venture between coemployees sharing equal control of their employer's truck on a trip conducted at their employer's bidding, avails them naught since that court's conclusion is contrary to the weight of authority (see Parton v. Weilnau, 169 Ohio St. at 160-69, 158 N.E.2d at 729-35; Restatement (Second) of Torts § 491, comment f, at 549 (1965)), and its ruling that the trip amounted to "a common enterprise" ignores the fact that their actions were only in pursuit of their employer's interest, and not in furtherance of a distinct commercial agreement between themselves.
Plaintiffs assert that Walker's status as a joint venturer imposed upon him a duty to warn Matts of any vehicles within Walker's sight which Matts did not see. Under the joint venture theory, however, any liability of the passenger is born of the driver's negligence, which is then imputed to the passenger. (Grubb v. Illinois Terminal Co., 366 Ill. at 338; Campanella v. Zajic, 62 Ill. App.3d at 887.) Cases cited by plaintiffs do not persuade; at issue in these decisions is the contributory negligence of a plaintiff-passenger for failure to warn of a danger known to plaintiff but not obvious to the driver of the automobile. (See Smith v. Bishop, 32 Ill.2d at 383-84; Galliher v. Holloway, 130 Ill. App.3d at 636; Bobalek v. Atlass (1942), 315 Ill. App. 514, 538, 43 N.E.2d 584.) The duty owed by a plaintiff to himself is distinct from a duty owed to an injured third party by a defendant. See Martino v. Leiva, 133 Ill. App.3d at 1008; Restatement (Second) of Torts § 315, comment b, at 122-23 (1965).
Plaintiffs additionally contend that the complaint reasonably permits the following inferences: Walker was a "codriver" of the vehicle; he was responsible for the truck's maintenance and operation; and Matts and Walker took turns in driving the truck. From these inferences, plaintiffs continue, it is plain that Walker possessed a right to control the driving of the vehicle and is therefore liable for Matts' allegedly negligent behavior.
Plaintiffs have pleaded no facts, however, to demonstrate that Walker controlled the truck's operation while Matts drove it, as opposed to merely having the right to exercise control while Walker was behind the wheel. (See Fisher v. Illinois Terminal R.R. Co. (1953), 350 Ill. App. 555, 558-59, 113 N.E.2d 344.) The inference plaintiffs *841 seek to have drawn is too ambitious. All well-pleaded facts and reasonable inferences therefrom must be drawn from a pleading being challenged, but not inferences requiring unsubstantiated conclusions or those unsupported by common experience. O'Donnell v. Electro-Motive Division of the General Motors Corp. (1986), 148 Ill. App.3d 627, 637, 499 N.E.2d 608; Carlson v. Moline Board of Education (1984), 124 Ill. App.3d 967, 970, 464 N.E.2d 1239.
Moreover, as cited in Martino v. Leiva (133 Ill. App.3d at 1007), sanctions 315 through 319 of the Restatement (Second) of Torts set forth those special relationships where the actor bears a duty to control the conduct of a third party to prevent the third party from causing physical harm to another: parent-child; master-servant; possessor of property-licensee; and custodian of one with dangerous propensities. Absent one of these relationships, no duty to control arises. (See Restatement (Second) of Torts §§ 315 through 19, at 122-29 (1965).) Walker's relationship to Matts fits none of these categories.
Accordingly, no error is found in the circuit court's dismissal of plaintiffs' cause of action as alleged.

II
Plaintiffs also urge an abuse of discretion in the denial of their motion to amend the complaint because plaintiffs presented to the circuit court, at the hearing held pursuant to the motion to dismiss, additional facts to establish Walker's liability for injuries to Lizzie Baker.
Plaintiffs concede they submitted neither a written motion nor a proposed amended complaint to the circuit court, but raise the following colloquy of plaintiffs' counsel at the hearing as proof of an oral motion to amend:
"And the [c]ourt may very well grant your motion to dismiss with prejudice today, she may give me leave to amend, therefore, in my argument, I think it is proper to bring these two things up just so that the [c]ourt can consider them whether or not they were  it could have stated a cause of action." (Emphasis added.)
To hold that the language emphasized above amounts to a motion to amend would strain credulity. Furthermore, plaintiffs' counsel accepted without protest the court's dismissal of plaintiffs' action with prejudice at the close of the hearing.
 3 Assuming, arguendo, plaintiffs actually moved to amend, their right to amend is not absolute. (Intini v. Schwartz (1979), 78 Ill. App.3d 575, 579, 397 N.E.2d 84; Hassiepen v. Marcin (1974), 22 Ill. App.3d 433, 435, 318 N.E.2d 162.) Although amendments to pleadings *842 should be liberally permitted to enable a party to present his case fully (Cvengros v. Liquid Carbonic Corp. (1981), 99 Ill. App.3d 376, 379, 425 N.E.2d 1050), nevertheless, it is within the court's discretion to permit or bar amendment and its decision will not be disturbed absent an abuse thereof (Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd. (1986), 146 Ill. App.3d 684, 692, 500 N.E.2d 431; Cvengros v. Liquid Carbonic Corp., 99 Ill. App.3d at 379).
Defendant asserts that no party may amend his pleadings where, as here, the party fails to submit a proposed amendment to the court or, at the very least, neglects to include in the record a copy of the amended pleading. Some decisions support this position (Austin Liquor Mart, Inc. v. Department of Revenue (1972), 51 Ill.2d 1, 8, 280 N.E.2d 437; Hancock v. Luetgert (1976), 40 Ill. App.3d 808, 811 n. 1, 353 N.E.2d 165; Thomas v. Carroll Construction Co. (1957), 14 Ill. App.2d 205, 210, 144 N.E.2d 461); however, underpinning this requirement is a desire that the movant present the facts and reasons forming the basis of the amendment so the circuit court may rule on its propriety and sufficiency (see Old Salem Chautauqua Association v. Illinois District Council of the Assembly of God (1958), 13 Ill.2d 258, 267, 148 N.E.2d 777; Deasey v. City of Chicago (1952), 412 Ill. 151, 157, 105 N.E.2d 727; Botti v. Avenue Bank & Trust Co. (1982), 103 Ill. App.3d 1052, 1055, 432 N.E.2d 295) and the reviewing court may discern whether an abuse of the lower court's discretion should be acknowledged (Dembski v. Lynwood Development Corp. (1961), 23 Ill.2d 395, 398, 178 N.E.2d 365; Cvengros v. Liquid Carbonic Corp., 99 Ill. App.3d at 381; Kielminski v. St. Anthony's Hospital (1979), 68 Ill. App.3d 407, 409, 386 N.E.2d 326; Hassiepen v. Marcin, 22 Ill. App.3d at 436). A proposed written amendment clearly is desirable, but it is not crucial where the record reveals that the movant articulated the substance of the amendment and the reasons therefore to the court in such a manner that the materiality of the proposed alteration is made plain to the court or in the proceedings. Old Salem Chautaugua Association v. Illinois District Council of the Assembly of God, 13 Ill.2d at 266-67; Deasey v. City of Chicago, 412 Ill. at 157; Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd., 146 Ill. App.3d at 692; Intini v. Schwartz, 78 Ill. App.3d at 579; Hassiepen v. Marcin, 22 Ill. App.3d at 436; Stevenson v. Maston (1969), 107 Ill. App.2d 65, 70, 246 N.E.2d 38.
 4 In the present case, during the dismissal hearing, and in plaintiffs' reply to Walker's motion, plaintiffs claimed to possess a written statement obtained from Walker in which he allegedly admitted knowing Pagal's car was next to the truck just prior to the collision. *843 Plaintiffs similarly referred to certain deposition testimony of the police officer who arrived at the accident scene soon after the event and purportedly averred that if Matts knew a car was next to him at the intersection, then Matts would be 40% at fault for the accident. Plaintiffs therefore included in the record and raised before the court the facts on which a proposed amendment would have been grounded had they made an appropriate motion to do so. No abuse could have been found in any event since it is apparent that no cause of action could have been stated. (Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd., 146 Ill. App.3d at 692; Botti v. Avenue Bank & Trust Co., 103 Ill. App.3d at 1055.) The additional facts raised by plaintiffs would have gone only to the question of negligence and would have brought plaintiffs no closer to proving that Walker owed Lizzie Baker any duty in the first place.
No abuse of discretion is found, therefore, in the circuit court's alleged denial of plaintiffs' putative amendment to the complaint.
For the foregoing reasons, we affirm the circuit court's dismissal order.
Affirmed.
BILANDIC and EGAN, JJ., concur.